UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BURGOS VEGA, Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:09-cv-737 (VLB) |
| | : | |
| M. JODI RELL, et al., | : | |
| Defendants. | : | February 9, 2010 |

## INITIAL REVIEW ORDER

The plaintiff, an inmate confined at Garner Correctional Institution in Newtown, Connecticut, commenced this action by complaint filed against thirty-nine defendants.[1] On June 1, 2009, after reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed all claims against defendants U.R.C. Committee, Connecticut Department of Correction Commissary, University of Connecticut, Hershey Foods Corporation, Keefe Supply Company, Allscents U.S.A., Wali W. Rushdan and Steven R. Strom; the claim for denial of access to

[1] The plaintiff named as defendants: M. Jodi Rell; Richard Blumenthal; Steven R. Strom; Theresa Lantz; Mary M. Marcial; Abdul Majid Karim Hasan; Wayne T. Choinski; John Sieminski; Peter Murphy; Rene Keida; Richard Furrey; Alfredo Gonzalez; Michael Beaudry; Captain Donahue; Michael Bibbons; Lieutenant Silver; Andrew Johnson; Correctional Officer Sanchez; Maureen Allen; U.R.C. Committee; Connecticut Department of Correction Commissary; Hershey Foods Corporation; Keefe Supply Company; Allscents U.S.A.; Wali W. Rushdan; Thomas Thalody; Anthony J. Bruno; University of Connecticut; Correctional Officer Trowers; Jane Doe (1); Jane Doe (2); Lieutenant Allen; Clifford Madison; Correctional Officer Artz; James Dzurenda; Doctor Silvis; Frederick Levesque; Correctional Officer Sharon; and Captain Frey. The plaintiff stated that he brought this action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986; the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, 2, 3, 4, 5, 6, and 7; the United Nations Convention on Punishment and Prevention of the Crime of Genocide, Article II of the Genocide Convention; and various state statutes and constitutional provisions.

the courts; and all claims pursuant to 42 U.S.C. § 1981 and Article II of the United Nations Convention on Punishment and Prevention of the Crime of Genocide. The Court ordered the plaintiff to file an amended complaint identifying two defendants listed only as Jane Doe (1) and (2) and eliminating all of the dismissed claims and defendants. The plaintiff was afforded twenty days, until June 21, 2009, to file the amended complaint.

The plaintiff has been granted several extension of time, through December 30, 2009, to file his amended complaint. The plaintiff's motion for leave to amend and proposed amended complaint were received on January 4, 2010. The proposed amended complaint lists thirty defendants. The only new defendant is Lieutenant Neil Cormier. There are no new female defendants who could be the defendants previously identified as Jane Doe 1 and Jane Doe 2. Thus, the Court considers any claims against the Jane Doe defendants to be withdrawn.

The plaintiff states that he has included additional claims and one new defendant, in part, to address the deficiencies identified in the defendants' motion to dismiss. The plaintiff's motion for leave to amend is granted. In light of the amended complaint, the defendants' motion to dismiss is denied without prejudice to refiling in response to the amended complaint.

In conclusion, the plaintiff's Motion for Leave to Amend [Doc. #47] is GRANTED. The Clerk is directed to docket the amended complaint and to serve the amended complaint on newly added defendant Neil Cormier in his individual and official capacities. All claims against defendants Jane Doe 1 and Jane Doe 2

**are considered withdrawn. The defendants' Motion to Dismiss [Doc. #33] is DENIED without prejudice.**

**IT IS SO ORDERED.**

**/s/**
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: February 9, 2010.**