letter mailed allegedly to the Commissioner's office in which the author of the alleged letter demanded a black Islamic Chaplain and allegedly made some complaints about the present Islamic Chaplain Ali Avci.

463. The Plaintiff considering the question to be outside of the scope of the pending litigation informed Captain Beaudry that the plaintiff does-not know anything about the alleged letter and that Islam and the Islamic faith is not a Black Nationalistic Religion nor a Nationalistic way of Life as defendant Abdul Majid Karim Hasan once and still continues to propagate Islam. Islam is for all Humanity, whether rich or poor, black, red, yellow, green, or white, it does not matter.

464. It does not matter in Islam where the person is from, as long as he/she is a sane human being from any of the Seven Continents or from any Island. What matters in Islam is that one upholds and lives up to the Five (5) Founding Pillars of Islam and the Six (6) articles of Faith.

465. About Islamic Chaplain Ali Avci, as long as the Plaintiff has known him, he seems to be

a good, truthful, and educated Muslim. The Plaintiff has never had any problem(s) with him personally.

466. Then the Plaintiff asked the defendant, Captain Beaudry, if there was any allegation(s) of wrong doing against the Plaintiff? Captain Beaudry replied no. Then the Plaintiff asked if he had to stay in the office answering his questions? Captain Beaudry replied, no; then the Plaintiff walked out of the office and went back to his assigned cell.

467. On the same day July 16, 2008, at approximately 6:15 p.m. the same correctional officers with the same aggresive attack dogs escorted the Plaintiff and the plaintiff's cell-mate to the gym.

468. At approximately 9:00 p.m. the Plaintiff and the Plaintiff's cell-mate were escorted back to the cell. The Plaintiff's cell was found to have been searched and trashed by Correctional Officers. All of the Plaintiff's four (4) legal boxes worth of legal documents were scatterred all over the cell, mixed to the point where it was impossible for the Plaintiff

to rearrange the legal papers and put them back together.

469. The Plaintiff informed/complained to Leiutenant Gonzalez who was present during the cell search, he replied in a sarcastic way "deal with it", and walked off. The Plaintiff wrote to attorney William K. Piotrowski informing him of what the defendants did to the Plaintiff. Furthermore, the Plaintiff's cell mate also wrote attorney Piotrowski a declaration stating what he had witnessed.

470. A large number of the Plaintiff's Islamic Religious Texts were damaged, torn off the binders separated from the text's cover(s).

471. On or around July 21, 2008 the defendant Correctional officer Trowers worked or was at the unit where the Plaintiff was housed.

472. On July 21, 2008 the Plaintiff's cell was searched and trashed again. Everything was scatterred everywhere even wurst than before (July 16, 2009).

473. On July 22, 2008 the Plaintiff and other inmates were escorted to the gym. While in the gym a Correctional officer Ireland informs the plaintiff to follow him. The plaintiff was escorted back to the cell, which was searched again; however the plaintiff was ordered to pack-up due to transfer.

474. On July 22, 2008 the Plaintiff was transferred out of MacDougall-Walker Correctional Institution to the Garner Correctional Institution.

475. The Garner Correctional Institution is a Mental Health Facility of Maximum Security. It has a history of inmates found dead in cells, Correctional officers killing inmates, Correctional officers assaulting inmates, and correctional officers intentionally braking inmate's personal property.

476. On July 22, 2008 upon arrival to the Garner Correctional Institution a Garner Correctional officer Pagel made a sarcastic statement..."Your back, huh?", correctional officer Ireland who was transporting officer asked..."Do you know him?", Correctional officer Pagel stated..."he's got a long history here, we're going to straighten him out".

477. Before correctional officer Ireland left, he came to the plaintiff's holding cell sort of concerned and said ..."take care of yourself, be careful".

478. While the Plaintiff was in the holding cell a number of Correctional Officers who testified for the defendants and/or who were involved in the action of Joe Burgos Vega v. Theresa Lantz, Et al., 3:03CV2248 (PCD) came to the holding cell where the Plaintiff was at to look at the Plaintiff as if the Plaintiff was an animal at a cage in a zoo. Counselor Supervisor K. Jones, Counselor Furman, Counselor Mermora couldn't hold herself back and made a statement, and others came to the holding cell to look at the Plaintiff. Counselor Mermora's Statement was ..."Oh, F!*K, he's back".

479. Correctional Officer Burritt and correctional Officer Marshall gave the Plaintiff an extreme hard time upon intake and admittance.

480. Correctional Officer Burritt told the Plaintiff ..."I dont like you for two reasons one is personal and the other is professional", then he slapped the Plaintiff.

481. The Plaintiff reported the incident to Lieutenant Torres, Correctional officer Burritt admitted he slapped the Plaintiff, yet, Lieutenant Torres stated..." it's your word against his", the Plaintiff Knew that the officials were playing the iron curtain game, a sign of solidarity. The plaintiff knew not to persue it any further that particular night.

482. The Plaintiff was escorted to A-221 without any of his personal property, nor a care-package to take care of his personal hygiene.

483. The Plaintiff's transfer to Garner Correctional Institution was not only retaliatory because of the Plaintiff's Civil Litigations, Line Grievances, etc., but also discriminatory because of the Plaintiff's Islamic Faith.

484. The Plaintiff was transferred to a Mental Health Facility against his will, and without an administrative hearing.

485. On July 24, 2008 the Plaintiff was issued some (not all) of his personal property.

486. On July 24, 2008 the Plaintiff discovered that the Garner Correctional Institution's property officer(s), c.o. Burritt and/or c.o. Marshall, broke and damaged the Plaintiff's personal Boom-box radio-cassette while it was under their control, custody, and care. This was also witnessed by the Garner Correctional Institution unit Manager Captain Palaka.

487. Captain Palaka issued the Plaintiff a written statement witnessing the Plaintiff's broken Boom-Box, stating that the Plaintiff's Claim has merit.

488. On August 11, 2008 the Plaintiff wrote to Garner Correctional Institution's deputy Warden Semple regarding the Plaintiff's broken Boom-Box.

489. On August 15, 2008 the defendant Wayne T. Choinski after reviewing, knowing, and investigating the facts as a matter of Law denied the Plaintiff's Line Grievance Appeal IGP No. 137-08-282 and checked off the box where it states..."You have exhausted the Department's Administrative Remedies, Appeal to level 3 will not be answered"; therefore, the

Plaintiff has exhausted his administrative remedies regarding his Religious Educational motivated request for approval to purchase a digital Quran (PenMan Digital Qurán) with volumes of Commentary, proper Arabic Quránic recitation, etc.

490. On August 15, 2008 the defendant Wayne T. Choinski denied the Plaintiff's Line Grievance Appeal IGP No. 137-08-315. He checked off the box where it states --- "You have exhausted the Department's Administrative Remedies. Appeal to Level 3 will not be answered."; therefore, the Plaintiff has exhausted his administrative remedies regarding no Islamic Services at the MacDougall-Walker Correctional Institution's expansion unit(s).

491. On August 19, 2008 CTO Martenelli called MacDougall-Walker Correctional Institution to inquire about the Plaintiff's Islamic Silver ring that was not transported along with the Plaintiff on July 22, 2008, and remained at the MacDougall-Walker Correctional Institution's jewelry/valuables safe under the custody of the Property officer. An Officer told her that the Plaintiff's ring was mailed out.

492. On August 21, 2008 the Plaintiff submitted a Line Grievance IGP NO. 136-08-169 because not only did the defendant(s) transfer the Plaintiff to a mental health facility without a hearing nor the Plaintiff's consent, not only did the defendant(s) retaliated and discriminated against the Plaintiff by transfering the Plaintiff, but they went so far as to place a separation profile against the Plaintiff and another Muslim inmate, Norman Gaines, whom the Plaintiff never had any problems with. The separation profile was issued from the defendants' Religious Department under the supervision of Anthony J. Bruno, Theresa Lantz, and other(s) who are also defendants in this action and in the action of Joe Burgos Vega v. Lantz, Et al., 3:04CV1215 (DFM).

493. Due to the Religious separation Profile against the Plaintiff, the Plaintiff was deliberately and by design denied over two (2) months of essential Islamic Friday Congregational Jumuah prayers and Taleem Islamic Studies at the Garner Correctional Institution.

494. The defendants' transfering the Plaintiff and all other conspiratorial retaliatorial actions

had a significant bad effect on the Plaintiff's life, beyond the normal aspects of prison life.

495. While the Plaintiff was housed at MacDougall-Walker Correctional Institution the Plaintiff was being very productive. He was enrolled in College Courses and maintained a 4.0 grade point average, was enrolled in Vocational Training classes "Electro Mechanics", participated in a large Variety of self improvement programs such as Alternative to violence module 1, 2, 3, and 4. The Plaintiff was not a nuisance to officials, on the contrary the Plaintiff was/is a model inmate, he encourages inmates to participate in School programs, self advancement programs, and to find Devine Guidance through Religion.

496. During the Plaintiff's stay here at Garner Correctional Institution official(s) are/were refusing to allow the Plaintiff to participate in Programs, and prison jobs. They are wharehousing the Plaintiff and subjecting him to 21 (twenty one) hours a day in a double occupied cell which was designed for single occupancy with inmate(s) convicted of very serious crime(s), in a "Maximum Security Prison" for the mentally sick without daily out door excercise.

497. Although the Plaintiff has no mental health issues that requires a mental health level 3 or greater, the defendants have the Plaintiff against his will participating in recreational programs and Religious services with very sick and High mental health level inmates.

498. On August 21, 2008 the Plaintiff filed a Line Grievance IGP No. 136-08-175 because the defendant(s) had discontinued serving Common Fare on its assigned separate "teal blue" trays. Moreover, the defendants are not using separate cooking and food preparation utensles, causing cross contamination between regular menu (Haram) and the Common Fare Menu which suppose to be Islamically Halal but its not.

499. On August 23, 2008 the defendant Garner Correctional Institution's Warden, Dzurenda, informed inmate Normon Gaines... "there is no profile on record. You were moved from MacDougall-Walker C.I. do to pending investigation into information received about several inmates planning a possible disturbance. The investigation did not result in any substantiated information. However, we kept you separated

from the other who transferred to GCI at the same time as you, just in case."
"Dzurenda Warden".

500. On August 25, 2008 Rev. Calabrese, Captain Palaka, and Islamic Chaplain Kennith Muhammad summoned the Plaintiff to the Chapel. They informed the Plaintiff that a separation profile was logged against the Plaintiff and Norman Gaines. Furthermore, that a logg entry would be placed at the unit's stations for Correctional officers to enforce.

501. On August 28, 2008 the defendant James Dzurenda denied the Plaintiff's Line Grievance IGP No. 136-08-169. The defendant alleged that no profile(s) existed to prevent the plaintiff's return to MacDougall-Walker Correctional Institution, however; that the Plaintiff will remain at Garner Correctional Institution. The plaintiff appealed.

502. On August 28, 2008 the Garner Correctional Institution's religious Coordinator Rev. Calabrese, informed the Plaintiff that the ..."Religious separation with inmate Gaines will no longer be".

503. On September 2, 2008 the defendant(s) denied the Plaintiff's Line Grievance Appeal IGP No. 136-08-169 regarding the Plaintiff's retaliatory and discriminatory transfer out of MacDougall-Walker Correctional Institution, and the separation profile placed between the Plaintiff and inmate Norman Gaines. The defendant(s) checked off the box where it states..."You have exhausted the Department's Administrative Remedies, Appeal to level 3 will not be answered"; therefore, the Plaintiff has exhausted his administrative remedies.

504. On September 10, 2008 the Plaintiff spoke personally to deputy warden Alves about the Plaintiff's broken BoomBox/Radio. The Plaintiff showed deputy warden Alves the Plaintiff's broken Boombox/Radio, showed him the written statement of Captain Palaka, and asked him if he would approve a replacement? Deputy Warden Alves stated that he would allow the plaintiff to purchase a replacement BoomBox/Radio however at the Plaintiff's personal expense. The plaintiff agreed to the condition, then duputy Warden Alves instructed the plaintiff to write to him for written authorization.

505. On September 13, 2008 the Plaintiff wrote to deputy warden Alves as instructed on September 10, 2008.

506. On September 16, 2008 the defendant James Dzurenda agreed to start using the teal blue trays for all inmates on Common Fare for all three meals. And, he checked off the box where it states ..."You have exhausted DOC'S Administrative Remedies," on the Plaintiff's Line Grievance IGP No. 136-08-175; Therefore, the Plaintiff has exhausted his Administrative Remedies.

507. On September 25, 2008 the defendant Mark Strange, a non-impartial Administrator/decision maker, denied the Plaintiff's Line Grievance IGP No. 136-08-169 appeal. And, checked off the box where it states ..."You have exhausted the Department's Administrative Remedies. Appeal to Level 3 will not be answered", therefore, the Plaintiff has exhausted his administrative remedies.

508. On November 14, 2008 the Plaintiff received a response of "Compromise" (until further response) on Line Grievance No. 136-08-199, where the Plaintiff discovered that the

Jello and Pudding being Served at Garner Correctional Institution's Common Fare and through-out the department of Correction Common Fare Food Servings Contained "Gelatin" and "Sodium Stearoyl" both ingredients are Islamically "Haram" (Forbidden). The Plaintiff appealed because the Plaintiff requests medically sealed "Halal Certified" Food servings.

509. The defendant(s) have been and continue to be deliberately indifferent toward the Plaintiff's, and other Muslim inmates', Islamic Religious dietary scrupples while knowing the Plaintiff's, and other Muslim Inmates', Islamic dietary scrupples.

510. On November 17, 2008 the Plaintiff submitted a Lost/Damaged Property Investigation Form, which is/was treated as a Line Grievance, and was issued an IGP No. 136-09-P0030, regarding the Garner Correctional Institution's assaultive behavior on the Plaintiff and damages to the plaintiff's Boombox Radio while under the immediate custody, care, control, and possession of Garner Correctional Institution's Property Correctional officer(s).

511. On December 4, 2008 the defendant James Dzurenda denied the Plaintiff's Line Grievance Claim IGP No. 136-08-P0030 claiming multiple issues and instructing the plaintiff to refile. The plaintiff followed instructions.

512. On December 17, 2008 the Plaintiff filed a lost/Damaged Property Investigation Form — Line Grievance and was issued an IGP No. 136-08-P0035.

513. On December 25, 2008, on Christmas Day, the defendant(s) denied the Plaintiff's Lost/Damaged Property Investigation Form IGP No. 136-08-P0035. The Plaintiff believes that the defendant(s) chose 12/25/2008 (Christmas Day) to sort of redicule the plaintiff because the Plaintiff is a Muslim.

514. The defendant James Dzurenda instructed the Plaintiff to refile IGP No. 136-08-P0030, yet, after the plaintiff followed instructions the defendant, James Dzurenda, denied the Plaintiff's refiled IGP No. 136-08-P0035 claiming ..."Redundant to

136-08-P0030 Lost/Damaged Prop. Invest. Form". There is no appeal on nor to this form, therefore, the Plaintiff has exhausted his administrative remedies.

515. From July 22, 2008 to January 1, 2009 while at the Garner Correctional Institution the Plaintiff had gotten his cell searched approximately (50) fifty times while in the general population without any up-graded security classification, at least not known or made known to the plaintiff. Never in the Plaintiff's incarcerration has the Plaintiff gotten his cell searched, while in normal general population, more than (5) five times in a year's span.

516. The Plaintiff is being singled-out and harrassed for some unknown reason(s), other than the pending litigations, the filed Line Grievances, and the Plaintiff being a Muslim, while other inmates are not being harrassed, retaliated, mistreated, and gotten their property broken as what the Plaintiff has had to endure.

517. The defendant(s), Richard Blumenthal and others Charged Condition(s) and process for revizing and/or creating new Policy(ies)/Regulation(s) on or around July of 2008.

518. The defendant(s), Richard Blumenthal and others, invalidated all regulations adopted after October 1, 1985 which did not comply with the procedures as set out by the Uniform Administrative Procedure Act; yet the defendant(s) refused/failed to identify those regulations invalidated by the new Statute - Connecticut General Statutes Sec. 4-168 (a) through (h).

519. The defendant(s) continue to operate-function-use invalidated Policies and Regulations which were invalidated by Connecticut General Statute Sec. 4-168 (a) through (h).

520. On January 13, 2009 the Plaintiff discovered that the medication prescribed by the defendant doctor Silvis is/was psychotic medication, Carbamazepine 200 mg., the Plaintiff filed a medical line grievance IGP No. 136-T #11.

521. On January 23, 2009 the Plaintiff was summoned by doctor Castro at the Garner Correctional Institution, he informed the plaintiff that he would like to prescribe the plaintiff what the Plaintiff needs to help reduce the Plaintiff's excruciating pain, such as: double matress and/or an egg crate cushion, a pillow to straighten the plaintiff's neck while laying down or while sleeping, a cane, sneakers and work boots for shock reduction (special needs), an MRI, and orthopedic evaluation and/or treatment but stated that as part of his contract he cannot go against the defendant(s)' denial on the plaintiff's medical file.

522. The defendant(s) have been and continue to be acting with deliberate indifference toward the Plaintiff's Medical

needs.

523. The defendant(s)' grossly incompetent and/or inadequate Medical treatment of the plaintiff's Medical needs is so excessive as to shock the conscience. And so inappropriate as to give evidence of intentional maltreatment.

524. The defendant(s) have, are, and continue to adopt regulation(s) designed to suppress the growth of the Islamic Religion, Islamic Religious Worship and Beliefs within the Connecticut Department of Correction.

525. The defendant(s) have not, are not, and continue not to be neutral on matters of Islamic Religious significance while acting under Color of State Law.

526. The defendant(s) have not, are not, and continue not to be neutral nor impartial for Latinos/Hispanics and African Americans on matters of how the State of Connecticut and it's Judicial System has and continues to operate while passing out Laws and issuing Sentences.

527. All the above mentioned decisions made by the defendants and their cohorts are unrealistic, bias, capricious, and discriminatory upon Muslims, Hispanics/Latinos and African Americans, the Plaintiff.

528. All the defendant(s) were active, are active, and continue to be active participant(s) in the above mentioned violation(s), and disregarded the Plaintiff's United States Constitutional Protection(s) of Law by refusing and/or failing to take appropriate and/or reasonable measures while reasonably knowing that failure to take reasonable and appropriate action(s) would be a clear and obvious violation of the Plaintiff's (and others') Constitutional Rights.

529. Muslims, Hispanics/Latinos and African Americans, the Plaintiff, have suffured and continue to suffur irreparable injuries flowing out of all and/or anyone of the above cited and complained about violations/injuries.

530. Muslims, Hispanics/Latinos and African Americans, the Plaintiff, have sufferred harms and continue to suffer harms some of which cannot be adequately compensated monetarily.

531. There is no mechanism in operation and/or existance (other than complaining to the United States District Court) to supervise and/or enforce that the defendant(s) comply with:

A. The United States Constitution, and the Rights afforded to United States Citizens such as the Plaintiff (and others).
B. 42 U.S.C. § 1983.
C. 42 U.S.C. § 1985.
D. 42 U.S.C. § 1986.
E. 42 U.S.C. § 2000 cc - 1, 2, 3, 4, 5, 6, and 7.
F. State of Connecticut Constitution.
G. Connecticut's General Statute(s): § 52-571 (a) through (f); § 52-571c; § 52-572o; § 52-572p; § 53-347a; § 53-370; § 53-392d; § 18-78a; § 4-169; § 4-168 (a) through (h).
H. And other Federal and State Acts, such as, but not limited to, 42 U.S.C. § 1201 et seq.

532. The named dependant(s) had direct and/or personal involvement in the alleged Constitutional violations cited in this Amended Complaint. Furthermore, the defendant(s) created policies and/or customs under which unconstitutional practices occurred and continue to occurr. The defendant(s) failed to remedy known wrong(s) and exhit(ed) deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring and continue to occurr irrespective of where the Plaintiff is and/or may be housed within the Connecticut Department of Correction.

# V. LEGAL CLAIMS

533. THE EVIDENCE AND FACTS RELATED ABOVE DISCLOSES A CONSPIRATORIAL AND SYSTEMATIC EFFORT BY THE DEFENDANTS AND THEIR COHORTS (AGENTS), TO DEPRIVE AND DISCRIMINATE AGAINST THE PLANTIFF (MUSLIMS, LATINOS/HISPANICS, AND AFRICAN AMERICANS) WITH REGARD TO HIS SECURED UNITED STATES OF AMERICA CONSTITUTIONAL RIGHTS, INCLUDE-ING BUT NOT LIMITED TO THOSE ENUMERATED IN THE SUCCEEDING PARAGRAPHS.

## VI. FIRST CAUSE OF ACTION.

1-533. PARAGRAPHS 1 THROUGH 533 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 533 OF THE FIRST CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HERE IN.

534. THE DEFENDANTS AND THEIR COHORTS (AGENTS) INTENTIONALLY CONSPIRED, RETALIATED, AND SYSTEMATICALLY DISCRIMINATED AGAINST THE PLAINTIFF, JOE BURGOS VEGA, A MEMBER OF AN IDENTIFIABLE CLASS, (MUSLIM, LATINO/HISPANIC, AND AFRICAN AMERICAN), BY ISSUING THE PLAINTIFF A DISCIPLINARY REPORT IN AN ATTEMPT TO COVER-UP THE TRUTH, STRIP THE PLAINTIFF OF HIS RELIGIOUS ITEM, ESSENTIAL TOWARDS THE PRACTICE OF THE PLAINTIFF'S FAITH AND RELIGIOUS PRACTICES, AN ISLAMIC RING. THE DEFENDANTS MOTIVATED BY RETALIATORY MOTIVES ACTED EXTREMELY INDIFFERENT TOWARD THE PLAINTIFF IN ISSUING THE PLAINTIFF A DISCIPLINARY REPORT. AFTER THE PLAINTIFF WAS EXONORATED OF THE DISCIPLINARY ALLEGATIONS THE DEFENDANTS REFUSED TO RETURN THE RING TO THE PLAINTIFF WHICH WAS AUTHORIZED, BY DOING SO THE DEFENDANTS VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHT'S, EIGHTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C. § 1983.
c. 42 U.S.C. § 1985.
d. 42 U.S.C. § 1986.
e. 42 U.S.C. § 2000 cc- 1,2,3,4,5,6,7
f. STATE OF CONNECTICUT CONSTITUTION.
g. CONNECTICUT GENERAL STATUTES § 52-571 b.

VII. SECOND CAUSE OF ACTION.

1-534. PARAGRAPHS 1 THROUGH 534 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 534 OF THE SECOND CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

535. THE DEFENDANTS AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, AND DISCRIMINATELY DENIED THE PLAINTIFF (AND OTHER MUSLIMS) AUTHORIZATION TO PURCHASE ONE HOLIDAY FOOD PACKAGE CONTAINING ISLAMICALLY APPROVED (HALAL) CERTIFIED FOOD ITEMS CONTAINING CERTIFIED ZABIHAH-HALAL MEATS, DATES, CANDIES, ETC., ONCE A YEAR WHILE ACCOMODATING OTHER INMATES OF OTHER RELIGIOUS DENOMINATIONS IN PURCHASING HOLIDAY FOOD PACKAGES DURING THEIR HOLIDAY FESTIVATIES (FROM NOVEMBER THROUGH DECEMBER OF EVERY YEAR) ONCE EVERY YEAR. THE DEFENDANTS HAVE AND CONTINUE TO ACT DELIBERATELY INDIFFRENT TOWARD THE PLAINTIFF (AND OTHER MUSLIMS) BECAUSE OF THE PLAINTIFF'S FAITH AND PRACTICES, BY DOING SO THE DEFENDANT(S) VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHTS, EIGHTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000 cc- 1, 2, 3, 4, 5, 6, 7.
f. CONNECTICUT CONSTITUTION
g. CONNECTICUT GENERAL STATUTES § 52-571b.

# VIII. Third Cause of Action

1 – 535. Paragraphs 1 through 535 are hereby repeated and realleged as paragraphs 1 through 535 of the third Cause of Action, as though fully set forth herein.

536. The defendant(s) and their cohorts (agents) intentionally, systematically, and discriminately have and continue to deny the Plaintiff (and other Prisoners) from cleaning assigned cell(s) while knowing the biohazardous and deplorable condition(s) of the Prison(s) and cell(s); therefore, exposing the Plaintiff (and other Prisoners) to known highly contagious deseases, some known to be deadly. The defendant(s) have and continue to act deliberately indiferent toward the Plaintiff (and other Prisoners), by doing so the defendant(s) violated:

a. The Plaintiff's First Amendment Rights, Eighth Amendment Rights, Fourteenth Amendment Rights of the United States Constitution.

b. 42 U.S.C. § 1985.

c. 42 U.S.C. § 1986.

d. 42 U.S.C. § 2000cc-1, 2, 3, 4, 5, 6, and 7.

e. The Connecticut State Constitution.

f. Connecticut General Statutes.

# IX. Fourth Cause of Action

1 – 536. Paragraphs 1 through 536 are hereby repeated and realleged as paragraphs 1 through 536 of the Fourth Cause of Action, as though fully set Forth herein.

537. The defendant(s) and their cohorts (Agents) intentionally, systematically, and discriminately denied the Plaintiff's request(s) To purchase Islamic Religious items:

a. PenMan Digital Quran - Model RS-5000 SH6;
b. Islamic Educational CD's;
c. Islamic Perfumed Incense;
d. Islamic leather Socks (Khuffs);
e. Islamic "Halal Certified" Lotions - Creams - toothpaste - Soaps - deoderants - shampoo - etc.
F. Qiblah Compass
g. Azhan Five daily Essential Prayers (Salat) Alarm clock;
h. Islamic Male silver Ring

All essential and Central towards the Islamic Religious Practise, and learning of the Islamic Faith. All the while allowing inmates of other non-Islamic Faith(s) authorization to purchase similar if not identical items.

For example, Game Boy, Religious CD'S, Native American Articles and dress gear, Wiccan items, Wedding Rings, etc., and Items listed on the Commissary most of which the Plaintiff is forbidden to use due to their non-Halal and prohibited ingredients and Chemicals, the defendant(s) have and continue to act deliberately indifferent towards the Plaintiff's Islamic Faith, beliefs, and Religious Practices, by doing so the defendant(s) violated:

a. The Plaintiff's First Amendment Rights, Eighth Amendment Rights, Fourteenth Amendment Rights (Equal Protection of law) of the United States Constitution.

b. 42 U.S.C. § 1983.

c. 42 U.S.C. § 1985.

d. 42 U.S.C. § 1986.

e. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7.

f. The Connecticut State Constitution.

g. Connecticut General Statutes § 52-571 b.

X. FIFTH CAUSE OF ACTION.

1-537. PARAGRAPHS 1 THROUGH 537 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 537 OF THE FIFTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

538. THE DEFENDANTS AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND OUT OF RETALIATION CHARGED THE PLAINTIFF WITH A FIGHTING DISCIPLINARY REPORT (#0609065) AT W.M.C.I. WHILE KNOWING THAT THE PLAINTIFF WAS ONLY DEFENDING HIMSELF. THE DEFENDANTS FOUND THE PLAINTIFF GUILTY OF FIGHTING AND WITH-HELD EXCULPATORY EVIDENCE WITH RENA KEIDA CONSPIRING WITH OTHERS DUE TO THE PLAINTIFF'S ISLAMIC BELIEFS, ON GOING LITIGATIONS, PLUS THE FILING OF LINE GRIEVANCES CONCERNING DENIAL(S) FOR THE PLAINTIFF TO EXERCISE HIS RELIGIOUS BELIEFS AND PRACTICES. THE DEFENDANT(S) ACTIONS VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHT'S, EIGHTH AMENDMENT RIGHT'S, FOURTEENTH AMENDMENT RIGHTS:

b. 42 U.S.C. § 1985

c. 42 U.S.C. § 1986

d. 42 U.S.C. § 2000cc-1,2,3,4,5,6,7.

e. THE CONNECTICUT GENERAL STATUTES

f. THE CONNECTICUT STATE CONSTITUTION.
g. CONNECTICUT DEPARTMENT OF CORRECTIONS ADMINISTRATIVE DIRECTIVES.

## XI. SIXTH CAUSE OF ACTION.

1-538. PARAGRAPHS 1 THROUGH 538 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 538 OF THE SIXTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

539. THE DEFENDANT'S AND THEIR COHORTS (AGENTS) MALICIOUSLY, INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND IN A RETALIATORY FASHION CHARGED AND FOUND THE PLAINTIFF GUILTY OF DISCIPLINARY REPORT M.W.C.I 0609058, CHARGE: CONTRABAND (RAZOR), WHEN THERE WAS NO EVIDENCE OF THE PLAINTIFF'S GUILT, NOR WAS THE FINDING BASED ON EVIDENCE OF THE PLAINTIFF'S GUILT. THE DEFENDANT'S HAVE AND CONTINUE TO ACT MALICIOUSLY, INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND IN A RETALIATORY FASHION BECAUSE OF THE PLAINTIFFS ISLAMIC BELIEFS AND THE PLAINTIFF'S FILINGS OF LINE GRIEVANCES AND SECTION 1983 CIVIL RIGHTS ACTION(S) BY DOING SO THE DEFENDANTS VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHTS, EIGHTH AMENDMENTS RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C. § 1983.
c. 42 U.S.C. § 1985.
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, 7
f. THE CONNECTICUT STATE CONSTITUTION.
g. CONNECTICUT GENERAL STATUTES.

## XII. SEVENTH CAUSE OF ACTION.

1–539. PARAGRAPHS 1 THROUGH 539 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 539 OF THE SEVENTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

540. THE DEFENDANT(S) AND THEIR COHORTS(AGENTS) INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND MALICIOUSLY RETALIATED AGAINST THE PLAINTIFF. THE DEFENDANT(S) WERE NOT IMPARTIAL IN THE COURSE OF ACTIONS AND EVENTUAL FINDINGS IN REPORTS M.W.C.I 0609065 AND 0609058. THE DEFENDANT(S) HAVE AND CONTINUE TO ACT INTENTIONALLY INDIFFERENT, IN A SYSTEMATIC FASHION, DISCRIMINATELY, AND OF RETALIATORY MOTIVES AGAINST THE PLAINTIFF DUE TO HIS ISLAMIC FAITH, BELIEFS, AND PRACTICES, AND FILINGS OF SECTION 1983 CIVIL RIGHTS COMPLAINTS AGAINST THE DEFENDANT(S), BY DOING SO THE DEFENDANT(S) VIOLATED:

a. THE PLANTIFF'S FIRST AMENDMENT RIGHTS, EIGTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C § 1986
e. 42 U.S.C. § 2000CC-1, 2, 3, 4, 5, 6, AND 7.
F. CONNECTICUT GENERAL STATUTES.

XIII. EIGHTH CAUSE OF ACTION.

1-540. PARAGRAPHS 1 THROUGH 540 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 540 OF THE EIGHTH CAUSE OF ACTION AS THOUGH FULLY SET FORTH HEREIN.

541. THE DEFENDANT(S) AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND OUT OF RETALIATORY MOTIVES DENIED THE PLAINTIFF (AND OTHER MUSLIMS) HOUSED AT THE McDOUGALL-WALKER CORRECTIONAL INSTITUTION GENERAL POPULATION, UNIT Q, FROM PARTICIPATING IN THE ISLAMIC FEAST EID-AL-FITR AND FURTHER DENIED THE PLAINTIFF (AND OTHER MUSLIMS) TO ATTEND THE EID-AL-FITR ESSENTIAL PRAYER, AND FROM ATTENDING WEEKLY ESSENTIAL JUMMAH SERVICES, BY DOING SO THE DEFENDANT(S) VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHT'S, FIFTH AMENDMENT RIGHT'S, EIGHTH AMENDMENT RIGHT'S, FOURTEENTH AMENDMENT RIGHT'S OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C § 1983

c. 42 U.S.C. § 1985

d. 42 U.S.C. § 1986

e. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, AND 7.

f. THE CONNECTICUT STATE CONSTITUTION.

G. CONNECTICUT GENERAL STATUTE SECTION 52-571b.

## XIV. NINTH CAUSE OF ACTION.

1-541. PARAGRAPHS 1 THROUGH 541 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 541 OF THE NINTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

542. THE DEFENDANT(S) AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND OUT OF RETALIATORY MOTIVES DENIED THE PLAINTIFF (AND OTHER MUSLIMS) HOUSED IN THE MCDOUGALL-WALKER CORRECTIONAL INSTITUTION'S GENERAL POPULATION TO CELEBRATE THE ISLAMIC EID-UL-ADHA ESSENTIAL FEAST AND TO ATTEND THE EID-UL-ADHA ESSENTIAL PRAYER, BY DOING SO THE DEFENDANT(S) VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHTS, EIGHTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHT'S OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C. § 1983

c. 42 U.S.C. § 1985

d. 42 U.S.C. § 1986

e. 42 U.S.C. § 2000CC-1, 2, 3, 4, 5, 6, AND 7.

f. THE CONNECTICUT STATE CONSTITUTION.

g. CONNECTICUT GENERAL STATUTE SECTION 52-571b.

# XV. TENTH CAUSE OF ACTION.

1-542. PARAGRAPH 1 THROUGH 542 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 542 OF THE TENTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

543. THE DEFENDANT(S) AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND OUT OF RETALIATORY MOTIVES REFUSED AND DENIED THE RETURN OF THE PLAINTIFF'S SILVER ISLAMIC RING AFTER SAID PLAINTIFF WAS EXONORATED OF HAVING GIVEN ANY FALSE INFORMATION IN ORDER TO GET SAID RING AUTHORIZED. POLICY IS THAT THE PROPERTY CONFISCATED IS TO BE RETURNED IF NO WRONG DOING WAS FOUND. THE DEFENDANT(S) REFUSED TO RETURN SAID PLAINTIFF'S RELIGIOUS PROPERTY (RING), BY DOING SO THE DEFENDANT(S) VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHTS, EIGHTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C. § 1983

c. 42 U.S.C. § 1985

d. 42 U.S.C. § 1986

e. 42 U.S.C. § 2000CC-1,2,3,4,5,6, AND 7.

f. THE CONNECTICUT STATE CONSTITUTION.

g. CONNECTICUT GENERAL STATUTE SECTION 52-571 b.

XVI. ELEVENTH CAUSE OF ACTION.

1-543. PARAGRAPHS 1 THROUGH 543 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 543 OF THE ELEVENTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

544. THE DEFENDANT(S) AND THEIR COHORTS (AGENTS) WITH DELIBERATE INDIFFERENCE HAVE AND CONTINUE TO:

(a.) DELAY AND/OR DENY THE PLAINTIFF'S ACCESS TO MEDICAL ATTENTION;

(b.) DENY ACCESS TO MEDICAL PERSONNEL QUALIFIED TO EXERCISE JUDGEMENT ABOUT THE PLAINTIFF'S PARTICULAR MEDICAL ISSUE;

(c.) INTERFERE IN MEDICAL JUDGEMENT BY NON-MEDICAL FACTORS;

(d.) FAIL TO CARRY OUT MEDICAL ORDERS; BY DENYING THE PLAINTIFF'S PRESCRIBED PAIN MEDICATION FOR A SUBSTANTIAL AMOUNT OF TIME.

(e.) REFUSE TO ISSUE PRESCRIBED TREATMENT;

(f.) REFUSE TO GIVE THE PLAINTIFF PAIN MEDICATION AND OTHER ITEMS TO REDUCE PAIN;

(g.) REFUSAL TO ISSUE THE PLAINTIFF A SINGLE MAN CELL IN GENERAL POPULATION;

(h.) REFUSAL OF A WALKING CANE, SHOCK ABSORBANT SNEAKERS OR SHOES AND WORKING BOOTS, THERAPEUTIC MATTRESS AND BY DOING SO THE DEFENDANT(S) VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHTS, EIGTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHT'S OF THE UNITED STATES CONSTITUTION.

b. CONNECTICUT GENERAL STATUTES.

c. 42 U.S.C. 1201 et seq.

## XVII. TWELFTH CAUSE OF ACTION:

1-544. PARAGRAPHS 1 THROUGH 544 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 544 OF THE TWELFTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

545. THE DEFENDANT(S) AND THEIR COHORTS (AGENTS) HAVE DISCRIMINATED, ARE DISCRIMINATING, AND CONTINUE TO DISCRIMINATE AGAINST LATINOS/HISPANICS AND AFRICAN AMERICANS, THE PLAINTIFF, BASED ON HIS RACE. BASED ON THE FACTS STATED ABOVE, THE STATE OF CONNECTICUT RANKS NUMBER (1) ONE IN THE UNITED STATES OF AMERICA IN LEVELS OF RACIAL DESPARITY, THE DEFENDANTS AND/OR THEIR COHORTS (AGENTS) HAVE, ARE, AND CONTINUE TO VIOLATE IN A SYSTEMATIC WAY:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHTS, FOURTH AMENDMENT RIGHTS, FIFTH AMENDMENT RIGHTS, SIXTH AMENDMENT RIGHTS, EIGHTH AMENDMENT RIGHTS, NINTH AMENDMENT RIGHTS, THIRTEENTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C. § 1983

c. 42 U.S.C. § 1985

d. 42 U.S.C. § 1986

e. 42 U.S.C. § 2000e.

f. THE CONNECTICUT STATE CONSTITUTION.

g. CONNECTICUT GENERAL STATUTES.

XVIII. THIRTEENTH CAUSE OF ACTION.

1-545. PARAGRAPHS 1 THROUGH 545 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 545 OF THE THIRTEENTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

546. THE DEFENDANT(S) AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND OUT OF RETALIATORY MOTIVES CONSPIRED TO HAVE THE PLAINTIFF CHARGED IN DISCIPLINARY REPORTS MWCI #0609058 AND MWCI #0609065 AND MANAGED TO HAVE THE PLAINTIFF FOUND GUILTY OF BOTH REPORTS. THE DEFENDANTS ACTIONS AGAINST THE PLAINTIFF WERE DUE TO THE PLAINTIFF'S ISLAMIC FAITH, BELIEFS, AND PRACTICES, AS WELL AS THE PLAINTIFFS PENDING SECTION 1983 CIVIL RIGHTS ACTION 3:04 CV 1215(DFM), BY DOING SO THE DEFENDANTS VIOLATED:

a. THE PLAINTIFFS FIRST AMENDMENT RIGHTS, EIGHTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C. § 1983

c. 42 U.S.C. § 1985

d. 42 U.S.C. § 1986

e. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, AND 7

f. 42 U.S.C. § 2000 e.

g. THE CONNECTICUT STATE CONSTITUTION

h. CONNECTICUT GENERAL STATUTES.

## XIX. FOURTEENTH CAUSE OF ACTION.

1-546. PARAGRAPHS 1 THROUGH 546 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 546 OF THE FOURTEENTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

547. THE DEFENDANTS, THEIR COHORTS (AGENTS), INTENTIONALLY, SYSTEMATICALLY, AND DISCRIMINATELY FALSEFIED CONNECTICUT DEPT. OF CORRECTIONS COMMISSARY ITEM #673 - "JOLLY RANCHERS" AS BEING ISLAMICALLY "HALAL" CERTIFIED, CAUSING THE PLAINTIFF (AND MANY OTHER MUSLIMS) TO CONSUME ITEM #673 "JOLLY RANCHERS" UNDER THE PRETENSE THAT SAID ITEM WAS (HALAL) THEREBY LEADING THIS PLAINTIFF (AND OTHERS) TO CONSUME A STRICTLY PROHIBITED ITEM. BY THE DEFENDANTS DOING SO THEY VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHTS, EIGHTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.
b. 42 U.S.C. § 2000cc-1, 2, 3, 4, 5, 6, AND 7.
c. 42 U.S.C. § 1983
d. 42 U.S.C. § 1985 & § 1986
e. THE CONNECTICUT STATE CONSTITUTION
f. CONNECTICUT GENERAL STATUTE § 52-571b.
g. CONNECTICUT GENERAL STATUTE § 53-317
h. CONNECTICUT GENERAL STATUTE § 53-347a.

XX. FIFTEENTH CAUSE OF ACTION

1-547. PARAGRAPHS 1 THROUGH 547 ARE HEREBY REPEATED AND REALLEGED AS PARAGRAPHS 1 THROUGH 547 OF THE FIFTEENTH COUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

548. THE DEFENDANTS AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, DISCRIMINATELY, AND OUT OF RETALIATORY MOTIVES CONTINUED SERVING THE PLAINTIFF (AND OTHER MUSLIMS) NON-KOSHER AND NON-HALAL (NON-ISLAMICALLY APPROVED) CHEESE AFTER IT WAS DETECTED AND BROUGHT TO THE ATTENTION OF THE DEFENDANTS. SERVING NON-KOSHER/NON-HALAL (NON-ISLAMICALLY APPOVED) CHEESE TO THE PLAINTIFF AND OTHER MUSLIMS VIOLATED THE PLAINTIFF'S TRUST TOWARDS THE FOOD BEING SERVED (ALLEGEDLY HALAL) AND VIOLATED THE PLAINTIFF'S DIETARY LAWS, FAITH, BELIEFS, AND PRACTICES. AT THE SAME TIME DENYING THE PLAINTIFF (AND OTHER MUSLIMS) A DIET IN ACCORDANCE TO THEIR RELIGIOUS SCRUPLES. BY DOING SO THE DEFENDANTS VIOLATED:

a. THE PLAINTIFF'S FIRST AMENDMENT RIGHTS, FIFTH AMENDMENT RIGHTS, THIRTEENTH AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

b. 42 U.S.C. § 1983 d. 42 U.S.C. § 1986

c. 42 U.S.C. § 1985 e. 42 U.S.C. § 2000 cc-1,

XXI SIXTEENTH CAUSE OF ACTION.

1-548. PARAGRAPHS 1 THROUGH 548 ARE HEREBY ~~REPEATED AND REALLEGED AS PARAGRAPHS 1~~ THROUGH 548 OF THE SIXTEENTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

549. THE DEFENDANTS AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, AND ILLEGALLY ADD A 30% MARK-UP TO ALL CONNECTICUT DEPARTMENT OF CORRECTION COMMISSARY ITEMS, WHILE ADDING A 6% SALES TAX (ON TAXABLE ITEMS), THE DEFENDANTS ACTIONS HAVE GONE FURTHER AND PASSED A LAW TO MAKE DEDUCTIONS OF 10% FOR ALL MONETARY DEPOSITS. A TOTAL OF 46% DEDUCTIONS. THE DEFENDANTS ACTIONS VIOLATE:

a. DOUBLE JEOPARDY
b. EX POST FACTO
c. BILL OF ATTAINDER
d. EXCESSIVE FINES CLAUSES
e. FIRST AMENDMENT RIGHTS, FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.
F. EXCESSIVE

XXII. SEVENTEENTH CAUSE OF ACTION.

1—549. PARAGRAPHS 1 THROUGH 549 ARE HEREBY REPEATED AND RE ALLEGED AS PARAGRAPHS 1 THROUGH 549 OF THE SEVENTEENTH CAUSE OF ACTION, AS THOUGH FULLY SET FORTH HEREIN.

550. THE DEFENDANTS AND THEIR COHORTS (AGENTS) INTENTIONALLY, SYSTEMATICALLY, OUT OF RETALIATORY MOTIVES, AND ILLEGALLY STRIP SEARCHED MS. IRIS VEGA, THE PLAINTIFF'S MOTHER, A FREE CITIZEN OF THE UNITED STATES OF AMERICA CAUSING THE PLAINTIFF WORRY, STRESS AND OTHER EFFECTS. BY DOING SO THE DEFENDANT(S) VIOLATED:

a. THE FIRST AMENDMENT RIGHTS, FIFTH AMENDMENT RIGHT'S, EIGHTH AMENDMENT RIGHTS, THIRTEENTH AMENDMENT RIGHTS, AND THE FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION

b. 42 U.S.C. § 1985

c. 42 U.S.C. § 1986

d. STATE OF CONNECTICUT GENERAL STATUTES.

# XXIII. Eighteenth Cause of Action

1 – 550. Paragraphs 1 through 550 are hereby repeated and realleged as paragraphs 1 through 550 of the Eighteenth Cause of Action, as though fully set forth herein.

551. The defendant(s) and their cohorts (agents) intentionally, systematically, discriminately, and acting on retalietory motives opened the Plaintiff's out-going mail without justification reinterpretated the Plaintiff's outgoing letter- when there exists statutes and regulations against such actions- and issued the Plaintiff a disciplinary report alleging "Conspiracy to convey Contraband", M-W C.I. 0804087,
The defendant(s) made non-existing allegations against the Plaintiff that did not happen/Exist
By doing so the defendant(s) violated:
a. The First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, And Fourteenth Amendment Rights of the United States Constitution
b. 42. U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7.
f. Connecticut State Constitution
g. Connecticut general Statutes

h. Connecticut Department of Correction Administrative Regulations.

# XXIV. NineTeenth Cause of Action

1 — 551. Paragraphs 1 through 551 are hereby repeated and realleged as paragraphs 1 through 551 of the Nineteenth Cause of Action, as though fully set forth herein.

552. The defendant(s) and their cohorts (agents) intentionally, systematically, discriminately and acting unimpartially denied the Plaintiff due proccess Rights and other rights given to the Plaintiff by Connecticut General Statutes and Connecticut Department of Correction Administrative Directive in regard to disciplinary report M-W C.I. 0804087, "Conspiracy to convey Contraband", a Charge that has not been defined nor given Public Notice, by doing so the defendant(s) violated:

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights of the United States Constitution
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000cc-1, 2, 3, 4, 5, 6, and 7.
f. Connecticut State Constitution
g. Connecticut General Statute(s).

# XXV. Twentieth Cause of Action

1— 552. Paragraphs 1 through 552 are hereby repeated and realleged as paragraphs 1 through 552 of the Twentieth Cause of Action, as though fully set forth herein.

553. The defendant(s) and their cohorts (agents) intentionally, systematically, discriminately and with retaliatory conspiratorial motives orchestrated a finding of guilty in regard to disciplinary report M-W C.I. 0804087 and celled the plaintiff at the RHU, in a cell smeared with feces all over the cell in which the plaintiff sufferred emotionally and mentally. It is against the Plaintiff's Faith-Religion to Pray (Salat) in an envirenment as that in which the defendant(s) placed the plaintiff, by doing so the defendant(s) violated:

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights of the United States Constitution.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, 7.

f. Connecticut State Constitution
g. Connecticut General Statute(s).

# XXVI. Twenty First Cause of Action

1 – 553. Paragraphs 1 through 553 are hereby repeated and realleged as paragraphs 1 through 553 of the Twenty First Cause of Action, as though fully set forth herein.

554. The defendant(s) and their cohorts (agents) intentionally, discriminately, and systematically subject the Plaintiff (and other Muslims) to pray the Friday Jumuah Salat, a Communial Prayer(s), in deplorable dirty and awfully stinking prayer rugs/mats and multipurpose rooms/chaples irrespective of what facility – no one is cleaning them – by doing so the defendant(s) violated:

a. First Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights of the United States Constitution.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7.
f. Connecticut State Constitution.
g. Connecticut General Statute (s).

# XXVII. Twenty Second Cause of Action

1 – 554. Paragraphs 1 through 554 are hereby repeated and realleged as paragraphs 1 through 554 of the Twenty Second Cause of Action, as though fully set forth herein.

555. The defendant(s) and their cohorts (agents) intentionally, discriminately, systematically, and out of retaliatory motives Transferred the Plaintiff out of MacDougall-Walker Correctional Institution to house the Plaintiff at the Garner Correctional Institution, Placed a Religious separation profile on the Plaintiff and inmate Norman Gaines, and denied the Plaintiff approximately Two months and a half of Essential Jumuah services and worship, by doing so the defendant(s) violated:

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights of the United States Constitution.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000cc-1, 2, 3, 4, 5, 6, and 7.

f. Connecticut State Constitution.
g. Connecticut General Statute(s).

# XXVIII. Twenty Third Cause of Action

1 – 555. Paragraphs 1 through 555 are hereby repeated and realleged as paragraphs 1 through 555 of the Twenty Third Cause of Action, as though fully set forth herein.

556. The defendant(s) and their cohorts (agents) intentionally, discriminately, systematically and out of retaliatory motives logged inaccurate and/or unreliable information in the Plaintiff's Prison records denying him fairness in making determination(s) about the Plaintiff, by doing so the defendant(s) violated:

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights.
b. 5 U.S.C. § 552 a
c. 42 U.S.C. § 1983
d. 42 U.S.C. § 1985
e. 42 U.S.C. § 1986
f. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7.
g. Connecticut State Constitution
H. Connecticut General Statute (s).

XXIX. Twenty Fourth Cause of Action

1 – 556. Paragraphs 1 through 556 are hereby repeated and realleged as paragraphs 1 through 556 of the Twenty Fourth Cause of Action, as though fully set forth herein.

557. The defendant(s) and their Cohorts (agents) intentionally, discriminately, systematically, and with malice subjected the Plaintiff (involuntarily - against his will) to psychiatric Medication, by doing so the defendant(s) violated:

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7.
f. Connecticut General Statute(s).
g. Connecticut State Constitution.

XXX. Twenty Fifth Cause of Action

1 – 557 Paragraphs 1 through 557 are hereby repeated and realleged as paragraphs 1 through 557 of the Twenty Fifth Cause of Action, as though fully set forth herein.

558. The defendant(s) and their cohorts (agents) intentionally, discriminately, systematically, and with malice:

A. Authorized the Plaintiff to replace his "Guess" Watch that they broke while under their immediate control, possession, and safe Guard, then the defendant(s) reneged without notifying the Plaintiff; and,

B. Authorized the Plaintiff to replace his pair of boots that was allegedly lost/stolen while under their immediate control, possession, and safe guard, then the defendant(s) never issued the boots to the Plaintiff the replacement boots mailed to the Plaintiff from vendor (East Bay). The defendant(s) continiously kept having the Plaintiff mail the boots back to the vendor to replace them for another pair of boots with the intention of not wanting to issue the

the replacement boots to the Plaintiff.
The last pair of "Nike Air Max" Boots were not issued to the plaintiff nor returned to the vendor, by doing so the defendants violated: (The plaintiff's)

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000cc-1, 2, 3, 4, 5, 6, and 7.
f. Connecticut State Constitution.
g. Connecticut General Statute (s).

XXXI. Twenty Sixth Cause of Action

1-558. Paragraphs 1 through 558 are hereby repeated and realleged as paragraphs 1 through 558 of the Twenty Sixth Cause of Action, as though fully set forth herein.

559. The defendant(s) and their cohorts (agents) intentionally, discriminately, systematically, and with malice broke the plaintiff's Boombox while under their direct control and supervision at the Garner Correctional Institution Property Room, by doing so the defendant(s) violated the plaintiff's:

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000cc-1, 2, 3, 4, 5, 6, and 7.
f. Connecticut State Constitution
g. Connecticut General Statute(s).

# XXXII. Twenty Seventh Cause of Action

1 – 559. Paragraphs 1 through 559 are hereby repeated and realleged as paragraphs 1 through 559 of the Twenty Seventh Cause of Action, as though fully set forth herein.

560. The defendant(s) and their cohorts intentionally, systematically, and discriminately sold falsely advertized "Musk" oil(s), by doing so the defendant(s) violated: (The Plaintiff's)

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000cc-1, 2, 3, 4, 5, 6, and 7.
f. Connecticut State Constitution.
g. Connecticut General Statute(s).

# XXXIII. Twenty Eighth Cause of Action

1-560. Paragraphs 1 through 560 are hereby repeated and realleged as paragraphs 1 through 560 of the Twenty Eighth Cause of Action, as though fully set forth herein.

561. The defendant(s), Thomas Thalody and other(s), their cohorts damaged the plaintiff's tooth causing other damages to the plaintiff mouth - excrusidating pain - locking the Plaintiff's mouth to the extreme that the Plaintiff couldn't open his mouth - the Plaintiff's mouth and jaw has not been the same since causing complications when the Plaintiff chews food(s) - Constitutes deliberate indifference to the Plaintiff's serious medical-dental needs, by doing so the defendant(s) violated the Plaintiff's:

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 2000cc - 1, 2, 3, 4, 5, 6, and 7.

f. Connecticut State Constitution
g. Connecticut General Statute(s).

# XXXIV. Twenty Ninth Cause of Action

1 - 561. Paragraphs 1 through 561 are hereby repeated and realleged as paragraphs 1 through 561 of the Twenty Ninth Cause of Action, as though fully set forth herein.

562. The defendant(s) and their cohorts (Agents) refused to give the Plaintiff's Petition of Habeas Corpus docket Number CV07-4001706S Judicial Review/attention by declining the Plaintiff's Petition of Habeas Corpus and it's Appeal, in which the Plaintiff Challenged his conviction as mentioned on the Habeas Corpus Petition - Racial Discrimination/disparity level within the State of Connecticut - by doing so the defendant(s) and/or their Cohorts (Agents) have, are, and continue to violate in a systematic way (the Plaintiff'S):

a. First Amendment Rights, Fifth Amendment Rights, Sixth Amendment Rights, Eighth Amendment Rights, Ninth Amendment Rights, Thirteenth Amendment Rights, and Fourteenth Amendment Rights of the United States Constitution.
b. 42 U.S.C. §1983

c. 42 U.S.C. § 1985.
d. 42 U.S.C. § 1986.
e. 42 U.S.C. § 2000 e.
f. The Connecticut State Constitution.
g. Connecticut General Statute (s).

## XXXV. Thirtieth Cause of Action

1-562. Paragraphs 1 through 562 are hereby repeated and realleged as paragraphs 1 through 562 of the Thirtieth Cause of Action, as though fully set forth herein.

563. The defendant(s) and their cohorts (Agents) intentionally, discriminately, and systematically banned the Freedom of expression in Rap Music (i.e. unedited Rap Music) without any legitimate reason(s), by doing so the defendant(s) violated (the Plaintiff's):

a. First Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights of the United States Constitution.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 1986
e. Connecticut State Constitution
f. Connecticut General Statute(s).

# XXXVI. Thirty-First Cause of Action

1-563. Paragraphs 1 through 563 are hereby repeated and realleged as paragraphs 1 through 563 of the Thirty-First Cause of Action, as though fully set forth herein.

564. The defendant(s) and their cohorts (Agents) intentionally, discriminately, systematicall and with malice have refused to abide by the Connecticut "UNIFORM ADMINISTRATIVE PROCEDURE ACT", in adopting Connecticut Department of Correction Administrative Regulations for decades. Due to the foregoing noncompliance, the Connecticut Department of Correction have adopted over 33% of its present Regulation(s) in substantial noncompliance with the mandated procedural requirements of the "UNIFORM ADMINISTRATIVE PROCEDURE ACT", by doing so the defendant(s) have, are, and continue to violate (the plaintiff's and other Prisoners'):

a. First Amendment Rights, Fifth Amendment Rights, Eighth Amendment Rights, Thirdteenth Amendment Rights, and

XXXVII. Thirty-Second Cause of Action

1- 564. Paragraphs 1 through 564 are hereby repeated and realleged as paragraphs 1 through 564 of the Thirty-Second Cause of Action, as though fully set forth herein.

565. The defendant(s) and their cohorts (Agents) intentionally, systematically, discriminately, and out of retaliatory motives denied the Plaintiff (and other Muslims) housed in the MacDougall-Walker Correctional Institution's General Population Expension Units (Q, N, O, P) the Right to attend Essential Islamic Friday Jumuah Services, by doing so the defendant(s) violated (the Plaintiff's):
a. First Amendment Rights, Eighth Amendment Rights, and Fourteenth Amendment Rights.
b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985
d. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7.
e. Connecticut State Constitution
f. Connecticut General Statute(s)
g. Connecticut Department of Correction Administrative Directive Regulation.
h. And much more.

Fourteenth Amendment Rights of the United States Constitution.

b. 42 U.S.C. § 1983
c. 42 U.S.C. § 1985 (a),(b), and (c).
d. 42 U.S.C. § 1986
e. 42 U.S.C. § 1201, et seq.
f. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7
g. 42 U.S.C. § 2000 e, et seq.
h. Connecticut State Constitution
I. Connecticut General Statute (S)
K. And, 5 U.S.C. § 552 a

## XXXVII. RELIEF

566. WHEREFORE, the Plaintiff Joe Burgos Vega a.k.a. Amin Abdul-Baqee Khan, respectfully requests that this United States District Court enter a Judgment granting the Plaintiff:

A. A declaratory judgment that the defendant(s)' actions, policies, practices, disciplinary rulings, etc., within the Connecticut Department of Correction herein described and complained of violated the Plaintiff's Rights under the United States Constitution as to the First, Fifth, Eighth, Thirteenth and Fourteenth Amendments respectively.

B. A declaratory judgment that the defendant(s)' actions, policies, practices, disciplinary rulings, etc., within the Connecticut Department of Correction herein described and Complained of violated:

1. 42 U.S.C. § 1983.
2. 42 U.S.C. § 1985 (a), (b), and (c).
3. 42 U.S.C. § 1986.
4. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7.
5. 42 U.S.C. § 2000 e.
6. State of Connecticut Constitution.
7. Connecticut General Statute (s).
8. 42 U.S.C. 1201 et seq.

C. A Preliminary And Permanent Injunction against the defendant(s) in their official Capacity(ies) which Shall for ever:

1. Order the defendant(s), their successors in office, agents, Cohorts, employees, and

all other persons in active concert and participation with them to expunge from Connecticut Department of Correction's records Disciplinary Report(s): M-W C.I. 0609058; M-W C.I. 0609065; and M-W C.I. 0804089.

2. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from denying and/or prohibiting the Plaintiff:

a. The return of the Plaintiff's Property an Islamic Silver Ring held by the defendants.

b. To purchase an Islamic Certified "Halal" Holiday package once a year during the Islamic Holy Month of Ramadan. A Halal Holiday package containing Halal Certified (Zabihah) Meats, dates, 100% pure Raisin and/or date juices, and other Islamic traditional foods and candies, such as "Turon", etc.

c. To purchase Penman Digital Qur'an, Islamic Educational CD'S, etc.

d. To clean his assigned cell once daily with cleaning disinfectant(s) provided by the defendants, a new mattress, new pillow, new sheets, new Blankets, new towels, new Prison Uniforms, new underclothes and exchange them once every (6) six months, Bathing soap, deodorant, shampoo, and wash laundry a minimum of (3) Three times a week by the defendants providing service and soap/detergent.

3. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to raise the indigent requirement to a minimum of $20.00 (Twenty-Dollars) within the last 30 days, and to raise the inmate pay rates to $3.00 (Three-Dollars) per day.

4. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from denying and/or not providing the Plaintiff Eid-al-Fitr, Eid-ul-Adha Congregational Essential worship and Celebration along with its essential "Zabihah"

(Islamic Sacrificed Camel, Sheep, Goat, or Cow meat) From any step-down and/or disciplinary report clearing unit and/or any other general population unit(s) throughout the Connecticut Department of Correction.

5. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from Falsely advertizing "non-Halal Certified" Foods, candies, beverages, etc., as "Halal".

6. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to sell through the Connecticut Department of Correction's Commissary "Halal-Certified" Foods, candies, beverages, etc.

7. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from not hiring a Muslim inmate to help/Assist the Islamic Chaplain(s) and Others in cleaning the dirty, deplorable, Foul-Smelling places of Islamic Congregational worship and/or services.

8. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to burn incense (Islamic Perfumed Incense) and/or Sprinkle the places of Islamic Congregational worship and/or Services (Prayer Rugs) with Islamic Pure Perfume.

9. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to provide the Plaintiff "Halal Certified" medically sealed meals.

10. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from Serving to the plaintiff on his Islamic Religious Meals, Common Fare, and/or any other name that it may change to in the Future, non-Halal Certified Cheese and/or any non-Halal Certified Foods - deserts - beverages - ingredients etc.; and, Order them (the defendants) to provide the Plaintiff "Halal" Certified meal(s) Medically Sealed by the Halal Certified Meal Vendor/Distributor.

11. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from selling falsely advertised Religious item such as but not limmited to the advertised "Musk Oil", item Number 1010.

12. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from denying the Plaintiff the prescribed and needed MRI, treatment, Medication, Single cell status, permanent bottom bunk status, a theropedic new mattress, a cane, shock absorbant Boots - shoes - and sneakers, a pillow, an additional chair in cell for Plaintiff's back-support. Some of the above mentioned items may be purchased by the Plaintiff with Court Order.

13. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to have a specialist

treat the plaintiff's medical conditions, and have a specialist repair the plaintiff's tooth damaged (broken) by defendant Thomas Thalody.

14. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from prescribing and/or giving the Plaintiff psychotic medication and/or any experimental medication/drug without the Plaintiff's written consent and/or written approval.

15. Prohibit the defendant(s), their successors in Office, agents, cohorts, employees, and all other persons in active concert and particip-ation with them from retaliating against the Plaintiff in any way or Form.

16. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to take all necessary action(s) to fix the problem(s) that for decades has lead and caused the State of Connecticut to be number (1) one in the United States of America

in levels of Racial desparity amongst Hispanics/ Latinos, African Americans, and whites.

17. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to review: All Sentence(s) of Convicted persons who were found guilty by jury trial(s); Investigation(s) through initial charge(s)/arrest throughout representation(s) all the way up to post conviction remedies, etc. by an independant pannel of newly assigned Judges - and not by any State of Connecticut Judicial Judge who may have been a contributor to the ongoing Racial desparity level within the State of Connecticut.

18. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them (Connecticut Habeas Corpus Judicial Court) to accept and process the Plaintiff's Writ of Habeas Corpus Petition in which the Plaintiff states claims of Racial Desparity the root cause to the Plaintiff's arrest, ineffective and/or inadequate legal representation of counsel, Conviction, Sentence(s), etc. (and more).

19. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to reduce the sentences of all the persons (plaintiff) affected by the level of Racial desparity within the State of Connecticut's Judicial - Legislative - Executive branches of Government and their deliberate indifference to act.

20. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from: (A) Adding and/or charging an excessive 30% surcharge; and, (B) Adding and/or charging an excessive 6% Connecticut sales tax, on all or any Connecticut Department of Correction's Commissary item(s).

21. Prohibit the defendant(s), their successors in office, agents, cohorts, employees and all other persons in active concert and participation with them from enforcing Connecticut Public Act 07-158 - now Connecticut General Statute Sec. 18-85 - retroactively and from withholding any interest rates on inmates' accounts from accruing.

22. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other

persons in active concert and participation with them from banning unedittted-normal Rap Music for prisoners over the age of (21) Twenty-one (the Plaintiff).

23. Order the defendant(s), their Successors in office, agents, cohorts, employees and all other persons in active concert and participation with them to make and enforce secured new policies and procedure(s) to prevent making/compelling a Free Citizen (visitor(s)) remove any under-garment namely a woman's bra.

24. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from discriminating, and retaliating against the Plaintiff because the Plaintiff is a Muslim of the Islamic Way of life (Faith), and the Plaintiff have and has filed Civil Rights Action Suits and Line Grievances against the defendant(s), their successors in office, agents, cohorts, employees, and other persons in active concert and participation with them.

25. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all

other persons in active concert and participation with them from discriminating and retaliating against Muslim inmates (the Plaintiff) acting on unsubstantiated information - transfering the Muslim inmates (the Plaintiff) based on such unreliable and unsubstantiated information/evidence and logging a separation profile against the Muslim inmate(s) (the Plaintiff and others).

26. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from logging any secret information against the Plaintiff where the Plaintiff would not be given the opportunity to respond to such information; such as, procedural due process.

27. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to return the Plaintiff back to MacDougall-Walker Correctional Institution within 30 days of the Court's Order.

28. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation

with them to issue the Plaintiff a prison job where the Plaintiff may be of religious assistance to help reduce any Unconstitutional burdens; For example, a prison job assisting the Chaplain(s) and/or at the prison Kitchen Serving, handling, cooking etc., only Halal certified foods.

29. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from reinterpretating the Plaintiff's writing(s), mail, etc., in ways to fit the defendants' personal and/or official Conspiratorial discriminatory retaliation.

30. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to allow the Plaintiff to replace the Plaintiff's Boombox which was broken by defendant(s) and/or agents-cohorts-employees, etc., and to allow the Plaintiff to Keep in his person at any Connecticut Department of Correction Facility.

31. Order the defendant(s), their successors in office, agents, cohorts, employees, and all

other persons in active concert and participation with them to allow the Plaintiff to replace his Guess watch which was broken at the direct Custody of Correctional officers, and a pair of boots. The boots defendant Correctional officer Arzt never returned to the Plaintiff nor the vendor.

32. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to allow the Plaintiff (and others) to purchase incense and/or Air Freshner(s) to use in cell area of Islamic Worship.

33. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to continue to act with deliberate indiference towards the Plaintiff's Serious medical needs: Post traumatic Stress, chronic back, hips, legs, and feet pain, etc.

34. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from placing the Plaintiff (and other

prisoners) in a cell smeared with feces in the Restrictive Housing Unit(s) and/or the General Population.

35. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to reduce the excessive two years loss of Contact visits on a class A disciplinary report guilty finding to (9) Nine months or (1) One year.

36. Order the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to reimburs the Plaintiff (and others) the excessive mark-up charges in the purchases of Commissary items.

37. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from Sanctioning the Plaintiff (and other Prisoners) when self-defense is found on a fighting class A disciplinary report(s).

38. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from using "Common Area" term to define and/or refer to an imate's bed/bunk and/or locker, and personal property such as Television set, etc.

39. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from denying the Plaintiff (and other Muslims) authorization to purchase items essential and/or Central toward the essential practise/exercise of the Islamic, Sunni (Orthodox), beliefs and practices:

a. Khuffs - Leather Socks
b. Halal toiletries, i.e. Lotions, tooth paste, Soaps, deoderants, shampoo, etc
c. Qiblah Compass
d. Azhan 5 Essential Prayers (Salat) Alarm Clock
e. Male Silver Islamic Ring
f. Islamic Educational CD's
g. Islamic Perfumed Incense

40. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from denying the Plaintiff (and/or any other Muslim Prisoner(s)) the right to attend the Friday Essential Congregational Islamic Service(s) known as Jumuah on the weekly basis, and against placing a Religious Profile (as is not a policy).

41. Prohibit the defendant(s), their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them from enforcing, acting, and publicizing all Connecticut Department of Correction adopted regulation(s) and/or policies that are in violation of Connecticut General Statutes Sec. 4-168 (a) through (h).

42. Order the Attorney General, the defendant(s) their successors in office, agents, cohorts, employees, and all other persons in active concert and participation with them to review and ensure that all Connecticut Department of Correction's Administrative Directives are in compliance with:

a. The United States Constitution
b. Federal Statutes and Acts

c. State of Connecticut Constitution
d. Connecticut General Statutes
e. Any other Laws, Regulations, etc.

D. Punitive damages award judgment against the defendant(s) in their individual Capacities due to the defendant(s)' discrimination, retaliation, reckless disregard, deliberate indifference, ill will, and the right-out Conspiratorial action(s) with the intent to violate the Plaintiff's rights:

1. That the defendant(s), jointly and severally, be directed to award the Plaintiff damages in the amount of One Million Dollars ($ 1,000,000.00) which the Plaintiff seeks for the pain and suffering, and the overwhelming amount of stress forced upon the plaintiff by the defendant (s), compounded with fears of being disobedient toward the Plaintiff's LORD (Allah) which can only bring about punishment upon the Plaintiff from his LORD (Allah), in which fear and stress Continues to be forced upon the Plaintiff and suffering by the hands of his keepers (the defendants).

2. That the defendant(s), jointly and severally be directed to award the Plaintiff damages in the amount of

One Million Dollars ($ 1,000,000.00) which the Plaintiff seek for the pain and suffering, the overwhelming amount of stress forced upon the Plaintiff, the retaliation, the out-right violation of the Plaintiff's Constitutional Rights and the total disregard of even considering the Plaintiff's Rights.

3. That the defendant(s) be directed to award the Plaintiff damages in the amount of One Million Dollars, jointly and severally which the Plaintiff seek for the pain and suffering, the overwhelming amount of stress forced upon the Plaintiff, and the deliberate indifference toward the Plaintiff's Medical condition, and Medical needs.

E. Compensatory Damages award judgment against the defendant(s) in their individual capacities in the following amount(s):

1. $ 100,000.00 (One Hundred Thousand Dollars) jointly and severally against defendants: Theresa Lantz, Mary M. Marshall, Anthony J. Bruno, and Abdul Majid Karim Hasan for injuries resulting from their falsely advertized and/or involvement in the advertizement of "Jolly Ranchers" as Islamically "Halal" (Islamically Approved).

2. $ 500,000.00 (Five Hundred Thousand Dollars) jointly and severally against defendants: Theresa Lantz, Richard Furey, Doctor Silvis, Thomas Thalody, and Peter Murphy for the pain and suffering, harm, and deliberate indifference toward the Plaintiff's Seriouce Medical need(s) and failure to provide adequate Medical care.

3. $ 700,000.00 (Seven Hundred Thousand Dollars) jointly and severally against defendants: Theresa Lantz, Mary M. Marcial, Anthony J. Bruno, Abdul Majid Karim Hasan,

Wayne T. Choinsky, Frederick Levesque, John Sieminski, Peter Murphy, Rene Kelda, Alfredo Gonzalez, Michael Beaudry, Captain Frey, Captain Donahue, Lieutenant Silver, Andrew Johnson, Lieutenant Allen, Maureen Allen, Correctional Officer Sanchez, Gary Trowers, Clifford Madison, Correctional Officer Arzt, Correctional Officer Sharon, James Dzurenda, and Neil Cormier for the pain and suffering, punishment, emotional distress and injuries resulting from their conspiratorial retaliation, discrimination because of the Plaintiff's Faith/Religion and/or beliefs, deliberate indifference, and denial of due process, in connection with the Plaintiff's Administrative Line Grievance filings, Disciplinary Reports, Administrative Disciplinary procedings, logging inaccurate and/or unreliable information against the Plaintiff in his Prison records, and orchestrating a transfer out of discriminatory and retaliatory motives.

4. \$ 800,000.00 (Eight Hundred Thousand Dollars) jointly and severally against defendant(s): Theresa Lantz, Mary M. Marcial, Anthony J. Bruno, Abdul Majid Karim Hasan,

Wayne T. Choinsky, John Sieminski, Peter Murphy, Rene Kelda, and Michael Bibbons for the pain and suffering, overwhelming amount of stress forced upon the Plaintiff and the outright and total disregard of protecting and/or adhering to the Plaintiff's Constitutional Religious Rights and Protections namely the right toward a diet that meets the plaintiff's Religious scrupples. The defendants claiming to be serving a diet that meets Plaintiff's Islamic Religious scrupples continue(d) serving foods strictly forbidden (Harram) by the Plaintiff's Islamic Beliefs, Faith, Religion. 42 U.S.C. § 2000 cc-1, 2, 3, 4, 5, 6, and 7. 1st Amendment, 8th Amendment, and 14th Amendment of the United States Constitution Claims.

5. $ 1,000,000.00 (One Million Dollars) jointly and severally against defendant(s): Mary Jodi Rell, Richard Blumenthal, and Theresa Lantz for the refusal and/or failure to do away with and/or attempt to repair the damages caused by the existing Level(s) of Racial Desparity in all of the State of Connecticut's Branches of Government, and the ever

wurstening Connecticut Department of Correction's over crowding in level (4) Four Facilities with the large percentage of Hispanics/Latinos and African American inmates when compared to Whites, and the sickening depth(s) of the defendant(s) action(s) to deprive the Plaintiff (Latinos/Hispanics and African Americans) of his Constitutional protections and but not limited to: 42 U.S.C. §1983, 42 U.S.C. § 1985 (a), (b), and (c), 42 U.S.C. §1986, 42 U.S.C. § 2000e, State of Connecticut Constitution, and Connecticut General Statutes.

F. Award of Nominal Damage(s) on each and every Cause of Action against the defendant(s).

G. Award the Plaintiff recovery of the following Cost(s):

1. Filing Fees and Cost(s) of litigation.
2. Attorney Fees.
3. Fees of Expert Testimony.
4. Fees for Research.
5. Any other Relief as it may appear that the Plaintiff is entitled.

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned Plaintiff, Joe Burgos Vega (a.k.a. Amin Abdul Baqi Khan), declares under penalty of perjury that he is the Plaintiff in this cited action, that he has read this Amended Complaint and that the information contained in this Amended Complaint is true and correct upon knowledge, information, and belief. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

December 24, 2009.

The Plaintiff, Pro-se'

Joe Burgos Vega

أمين عبد الباقي خان

Joe Burgos Vega, I.D. #130135
(a.k.a. Amin Abdul Baqi Khan)
Garner Correctional Institution
50 Nunnawauk Road
Newtown, Connecticut 06470