UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2011 AUG 25 P 1:08
US DISTRICT COURT
HARTFORD CT

JOE BURGOS VEGA DOCKET NO. 3:09cv737 (VLB)

V. August 16, 2011

M. JODI RELL, ET AL.

Plaintiff's Declaration In support of Motion To Compell DISCOVERY

The Plaintiff Joe Burgos Vega declares under penalty of perjury:

1. I am the Plaintiff Joe Burgos Vega in this case. I make this declaration in support of my Motion To Compel Discovery.
2. On June 30, 2011 the Plaintiff served on the defendants' Counsel - A.A.G. Steven R. Strom - a Second Request for production of Documents. Attached hereto as Exhibit-A.
3. On July 11, 2011 the Plaintiff served on the defendants' Counsel - A.A.G. Steven R. Strom - Plaintiff's First Set of Interrogatories propounded upon Defendant Anthony J. Bruno. Attached hereto as Exhibit-B.

4. On Wednesday July 27, 2011 at cheshire Correctional Institution after the completion of the Ordered deposition defendants' Counsel - A.A.G. Steven R. Strom - agreed to respond to the Plaintiff's discovery requests timely.

5. Defendants have not responded to the Plaintiff's discovery requests within the 30 days allowed, nor did they request an extension of time from this Court nor has the Plaintiff agreed to an extension of time for the defendants to respond to Plaintiff's discovery requests.

6. On August 4, 2011 the Plaintiff wrote a good faith letter to the defendants' Counsel - A.A.G. Steven R. Strom - in an attempt to resolve any dispute informally as required by Local Rule pointing out that defendants are over a month late (30 day in responding to "Plaintiff's Second Request for Production of Documents" and that 30 days are nearing in on the "Plaintiff's First Set of Interrogatories propounded upon defendant Anthony J. Bruno". Attached hereto as Exhibit - C.

7. Defendants counsel did not and has not responded to the Plaintiff's August 4th 2011 good faith letter. Furthermore, defendants did not file any objection(s).

7. Defendants have waived any and all objection(s) that they may have had as a result of therr failure to make them in a timely manner, as set forth in the brief accompanying this Motion.

8. Any and all objection(s) that the defendants may have raised on grounds that the discovery sought is irrelevant, burdensome, and/or privileged would have had no merit, as set forth in the brief accompanying this Motion.

Pursuant to 28 U.S.C. § 1746 the Plaintiff declares under penalty of perjury that the foregoing is true and correct.

The Plaintiff Pro se',

08-16-2011

[signature]

Joe Burgos Vega, I.D. #130135
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOE BURGOS VEGA — CIVIL ACTION NUMBER: 3:09CV737(VLB)

V.

M. JODI RELL, ET AL. — DATE: 06-30-2011

Plaintiff's Second Request For Production of Documents

Pursuant to Rule 34, Fed. R. Civ. P., the Plaintiff Joe Burgos Vega requests that the defendants produce the documents listed within 30 days.

1. Any and all grievances, complaints, inmate requests, or other documents received and/or created by prison officials - the defendants - or their agents concerning their refusal to provide Zhabihah/Halal Meat(s) for the Plaintiff's two annual Major Islamic Festivaties - Eid Al Fitr and Eid-ul-Adha - and any memoranda, investigative files, and/or other documents created in regard and response to such complaints related to the January 12, 2006 Islamic Feast and all those after, to the date of your response.

2. Any and all grievances, complaints, inmate requests, or other documents received and/or created by Prison officials - the defendants - or their agents concerning their refusal to allow the plaintiff to attend the Eid Ul Adha and Eid Al Fitr essential Feast celebration and essential Prayers, and any memoranda, investigative files, and/or other documents created in regard and response to such complaints, related to the October of 2006 Eid al Fitr essential Feast and Prayers and all those after to the date of your response.

3. Any and all grievances, complaints, inmate requests, or other documents received and/or created by Prison officials - the defendants - or their agents concerning their refusal to allow the Plaintiff to participate in the Holiday Food Packages Program - by not making available Halal certified Food packages and/or Halal certified Islamic traditional Food items during the time(s) all Holiday Food Packages are/were made available to the Connecticut Department of Correction's general Population - and any memoranda, investigation files, and/or documents created in regard and response to such complaints from March of 2006 and all those proceeding to the date of your response.

4. Any and all grievances, disciplinary reports, inmate requests, or other documents received and/or created by Prison officials - the defendants - or their agents concerning the April 12, 2006 disciplinary report against the plaintiff by defendant Correctional Officer Sharon For having (authorized) use of a spray bottle containing solution to clean-up blood, etc., and/or other documents, investigation reports, witnesses' statements, etc., created in regard and response to such disciplinary report(s) and line grievance and all those after to the date of your response.

5. Any and all grievances, inmate requests, complaints, statistical reports, deplorable living condition complaints, reports on the spread of contagious deceases within the Connecticut Department of Correction, or other documents received and/or created by Prison officials - the defendants - or their agents concerning the deplorable living conditions and the spread of (but not limited to): HIV, Hepatitis, Methicillin resistant Staphylococcus aureus (MRSA), etc. and all those after April of 2006 to the date of your response.

6. Any and all grievances, disciplinary reports (M-WCI 0609065 and 0609058), inmate request(s), investigation reports, suppliment reports, witnesses' statements, or other documents received and/or created by Prison officials - the defendants - or their agents concerning the attacks on the plaintiff on or around September 10-11, 2006 while at the McDougall Correctional Facility, and/or other documents, etc., created in regard and response to such incident and disciplinary reports and all those after to the date of your response.

7. Any and all documents, reports, statements, entries, and/or documents faxed by the defendant Rene J. Kieda to Defendant Anthony J. Bruno on or around October 17, 2006 regarding the Plaintiff Joe Burgos Vega and all those after to the date of your response.

8. Any and all statements, reports, allegations, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the Plaintiff Joe Burgos Vega and/or the Plaintiff's Islamic beliefs and Practices, etc., and have, and have given to other United States Government Agencies and/or Departments.

9. Any and all reports, investigation reports, confidential informants' statements, and/or all other documents received and created by Prison officials - the defendants - or their agents related to and what lead to the mass placement of Muslim inmates in or at the MacDougall-Walker Correctional Institution's RHU (Administrative Segregation/Detention Unit) during the months of October through December of 2006, and any memoranda, investigative files, or other documents created in regard and response to such incident and all those after to the date of your response.

10. Any and all documents, reports, statements, correspondence, investigation, etc., related to the denial of the free services offer made by the Hartford Semanary to the defendants or their agents related to servicing free of charge to the Connecticut Department of Correction, in regard to Islamic related services, and all those after to the date of your response.

11. Any and all grievances, complaints, inmate requests, or other documents received and/or created by Prison officials - the defendants - or their

agents concerning bad odor and filth (not properly cleaning) the facilities' Islamic Services prayer rugs for but not limited to Friday Jumuah Prayer Services, Islamic Studies (Taleem), etc., and any memoranda, investigative files, and/or other documents created in regard and response to such complaint(s), related to the complaint addressed to the defendant(s) on or around August 20, 2007 and all those after to the date of your response.

12. Any and all grievances, reports, statements, Correspondence, investigation, etc., inmate request forms, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning Religious requests to burn insence, sprinkle perfume in their prayer rugs, and/or toward the availability to purchase air-freshner(s), and any memoranda, investigative files, and/or other documents created in regard and response to such Religious requests related to the Complaint addressed to the defendant(s) on or around August 20, 2007 and all those after to the date of your response.

13. Any and all reports, recomendations, evaluations, certifications, investigations, Correspondence, and/or other documents received and/or created by Prison officials- the defendants- or their agents concerning Connecticut Department of Correction Commissary item(s) #673 and #674 (Jolly Ranchers and Starlite mints), and their advertizement as Halal (Islamically Approved and any grievances, memoranda, investigative files, purchase receipts, contracts, and/or any other documents created in regard and response to such Commissary items related to the complaint addressed to the defendants on or around August 20, 2007 and all those after to the date of your response.

14. Any and all grievances, reports, recomenda-tions, evaluations, Certifications, investigation. Correspondence, and/or other documents received and/or created by Prison officiels- the defendants- or their agents concerning the Common Fare Cheese Food services were serving known to be not Halal nor Kosher and any memoranda, investigation files, purchase receipts, contracts and/or any other documents created in regard and response to such non Halal nor Kosher Certified cheese related to the Complaint

addressed to the defendants on or around September 4, 2007 and all those after to the date of your response.

15. Any and all grievances, reports, recomendation evaluations, investigations, correspondence, Contracts, purchase receipts, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning Connecticut Department of Correction Commissary item(s) #767 and #748 (Strawberry Cookies and Peanut Butter Cookies) and their advertizement as Halal (Islamically Approved) and any memoranda, investigative files, and/or any other documents Created in regard and response to such Commissary items related to the complaint addressed to the defendants on or around

16. Any and all grievances, reports, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the January 5, 2008 incident where the Plaintiff's mother was Compelled to remove her bra, and any memoranda, policies from then to now, investigative files, and/or any other documents Created in regard and response to such January 5, 2008 incident related to the Complaint addressed to the defendants and

all those after to the date of your response

17. Any and all grievances, reports, inmate request forms, mail room loggs and entries and/or recordings, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents, namely but not limited to: Captain Beaudry - Grievance Coordinator Vadnais - Correctional officer Arzt, concerning the Plaintiff's approved boots and any memoranda, investigation files, receipts, and/or any other documents created in regard and response to such boots related to the complaint addressed to the defendants ongoing prior to January 10, 2008 and all those after to the date of your response.

18. Any and all grievances disciplinary reports (M-WCI 0804089), inmate request(s), investigation reports, supplimental reports, evidence, policies on reviewing outgoing mail and its attachments(s) form(s), disciplinary proceeding documents, reports, statements, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the disciplinary report # M-WCI 0804089 created and/or received in regard and response to such disciplinary report and all those documents after to the date of your response

19. Any and all grievances, reports, inmate requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison Officials - the defendants - or their agents concerning the Plaintiff's request to purchase a "PenMan Digital Quran" and Line grievance IGP No. 137-08-282, and any memoranda investigative files, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around April 17, 2008 and all those after to the date of your response.

20. Any and all grievances, reports, inmate requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison Officials - the defendants - or their agents concerning Line Grievance No. 137-08-315 due to the denial of weekly essential Friday Jumuah Congregational Services for the McDougall-Walker C.I.'s Q-pod and other extension units, and any memoranda, investigative files, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around May 23, 2008 and all those after to the date of your response.

21. Any and all grievances, reports, informatio recomendations, evaluations, investigations, Correspondence, and/or other documents received and/or created by Prison Officials - the defendants - or their agents concerning July 16, 2008 interview with captain Beaudry and that lead to multiple cell searches - inspection of plaintiff's Religiou texts and legal documents, sorrounding an alleged letter mailed to the Commissioner office in which the author allegedly demanded a black Islamic chaplain and allegedly made complaints about Imam Ali Avci, for which the Plaintiff (and many other Muslims) was transfered out of McDougall-Walker Correctional Facility, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around May 29, 2008 and all those after to the date of your response.

22. Any and all grievances, reports, information, recomendations, evaluactions, investigations, Correspondence, pictures, and/or other documents received and/or created by prison officials - the defendants - or their agents concerning the Plaintiff's Religious item, i.e. one silver male Islamic Ring, in regard to the complaint addressed to the defendants on or around December 19, 2006, and all those after to the date of your response.

23. Any and all grievances (IGP No. 136-08-169), reports, inmate Requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the July 16, 2008 transfer of the Plaintiff out of McDougall-Walker CI and admitted at the Garner correctional Institution, and Placed on a Religious separation profile to have no contact with inmate Norman Gaines, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around August 21, 2008, and all those after to the date of your response.

24. Any and all grievances (IGP No. 136-08-175), reports, inmate Requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the discontinued use of 'teal Blue' trays for the servings of CommonFare meals and the cross contamination between regular menu and the Common Fare, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around August 21, 2008, and all those after to the date of your response.

25. Any and all grievances (IGP No. 136-08-199) reports, inmate requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by prison officials - the defendants - or their agents concerning non-Halal-Haram-ingredients in the common-fare diets/servings and/or any other documents - including labels and ingredients of all common fare foods - created in regard and response to the complaint addressed to the defendants on or around November 14, 2008, and all those after to the date of your response.

26. Any and all grievances (IGP No. 136-09-P0030 and 136-08-P0035), reports, inmate requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by prison officials - the defendants - or their agents concerning damages to the plaintiff's Boombox Radio, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around November 17, 2008 and December 17, 2008, and all those after to the date of your response.

27. Any and all policies, directives, menus, and/or instructions to staff concerning food services throughout the Connecticut Department of Correction on or around March of 2006 and all those after to the date of your response.

28. Any and all policies, directives, and/or instructions to all medical staff governing sick-call procedures on or around March of 2006 and all those after to the date of your response.

29. Any and all of the Plaintiff's sick call requests from on or around March of 2006 and all those after to the date of your response.

30. The Plaintiff's - Joe Burgos Vega - complete Medical records from on or around March of 2006 to the date of your response.

31. Any logs, lists, and other documentation reflecting all grievonces and Medical Line grievances filed by McDougall-Walker Correctional Institution's inmates from on or around March of 2006 to the date of your response.

32. Any logs, lists, and other documentation reflecting all grievances and Medical Line grievances filed by Garner Correctional Institution's inmates from on or around March of 2006 to the date of your response.

33. Any logs, lists, and other documentation reflecting all grievonces and Medical Line grievances filed by Cheshire Correctional Institution's inmates from on or around March of 2006 to the date of your response.

34. Any and all documents created by any McDougall-Walker Correctional Institution Garner Correctional Institution, and/or Cheshire Correctional Institution staff member or any other Connecticut Department of Correction employee or official in response to grievances and Medical Line grievances filed by the Plaintiff from

March of 2006 to the date of your response concerning the Plaintiff and/or the Plaintiff's Medical care and/or treatment, etc., including appeals and/or all those documents after Administrative remedies were exhausted from March of 2006 to the date of your response.

35. Any and all documents created by any Connecticut Department of Correction staff member and/or any of their agents acting in conjunction with them (UConn Employees - students - etc.) from March of 2006 to the date of your response concerning the Plaintiff's Medical care and not included in Paragraphs 28, 29, 30, 31, 32, 33, and 34 of this request.

36. Connecticut Department of Correction Administrative Directive (s): 9.5, 6.10, 10.8, 10.7 .

37. Line Grievances: (But not limited to) M-WCI 137-07-125, 137-07-147, 137-07-180, 137-07-027, 137-08-052, 137-08-043, 137-08-049, 137-08-156, 137-08-219, 137-08-208, 137-08-218, 137-08-282, 137-08-315,
GCI 136-08-169, 136-08-175, 136-08-199, etc.

38. Medical Line Grievances: (But not limited to) M-137-07-114, M-137-29-278, M-136-T#11, etc.

Date: 06-30-2011

The Plaintiff Pro se;

Joe Burgos Vega [signature]

Joe Burgos Vega, I.D.#130135
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

EXHIBIT — B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOE BURGOS VEGA CIVIL NO. 3:09CV737 (VLB)

V. Date: 07-11-2011

M. JODI RELL, ET AL.

FIRST SET OF INNTERROGATORIES PROPOUNDED UPON DEFENDANT ANTHONY J. BRUNO

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff, Joe Burgos Vega ("Vega" or "Plaintiff"), hereby propounds the following interrogatories ("Interrogatories") upon the defendant, Anthony J. Bruno ("Bruno" or "Defendant"), to be answered by Anthony J. Bruno in accordance with the Federal Rules of Civil Procedure and the local Civil Rules of the United States District Court for the District of Connecticut within thirty (30) days of the service of these Interrogatories.

DEFINITIONS

1. The terms "concerning," "relating to," and "referring to" shall be interpreted so as to encompass the liberal scope of discovery set forth in Rule 26(b) of the Federal Rules of Civil Procedure (Hereon forward "Federal Rules of Civil Procedure" will be abbreviated "Fed. R. Civ. P.").

2. The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring

within the scope of the Interrogatory all responses which otherwise might be construed to be outside the scope.

3. Any word written in the singular herein shall be construed as plural or vice versa to bring within the scope of the Interrogatory all responses which otherwise might be construed to be outside its scope.

4. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. Complaint means Plaintiff's First Amended Complaint, dated December 24, 2009 (Document 51, Filed 02/11/2010).

6. "Identify" means providing, among other things, home and work addresses and telephone numbers, the name of the person's present (or if unknown, the last known) place of employment, date of commencement and termination (if any) of employment, job title, and description of his or her duties and responsibilities.

7. "Document" includes documents and things as broadly defined by Rule 34 of the Fed. R. Civ. P., and includes all physical objects and things, and any kind of written, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including original, identical or non-identical copies which differ in any way from the originals, and drafts, on both sides, including but not limited to: medical records, medical reports, x-ray films, bone mineral density scan records, MRI reports, CAT Scan reports, prescriptions, package labelling, patient brochures, informed consents, contracts, agreements, policies, papers, books, letters, correspondence, telegrams, cables, telecopier fax messages, e-mails, memoranda, or interviews, conferences,

and/or other meetings, affidavits, statements, summaries, reports, opinions, studies, evaluations, ledgers, journals, statistical records, desk calendars, appointment books, diaries, listings, tabulations, sound recordings, computor print-outs, data processing records and disks, microfilms, photographs, accounts, pleadings, financial statements and records, videotapes and any other matter of any kind discoverable under the Fed. R. Civ. P.

8. "Administrative Directive No. 10.8" means the State of Connecticut Department of Correction Administrative Directive No. 10.8, entitled Religious Services, and includes all versions, including the version dated January 31, 2005 and all those after, to the date of your response.

INTERROGATORIES

1. Identify all individuals or entities with knowledge or information relating to the allegations in the Plaintiff's, Joe Burgos Vega, Complaint and state the information that each such individual or entity possesses.

2. Identify all Connecticut Department of Correction ("DOC")- MacDougall-Walker Correctional Institution, Garner Correctional Institution, Corrigan-Radgowski Correctional Institution, and Cheshire Correctional Institution - administrative directives ("directives") or policies relating to the allegations in the Plaintiff's Complaint or defendant's defenses, including, but not limited to, directives and policies relating to religious Services, religious items not sold in Commissary, and/or the Common Fare diet, and Commissary sold items marked and/or Categorized as "Halal", and/or "H-Halal Approved".

3. Identify each individual or entity that participated in drafting, considering, or approving the directives or policies identified in response to Interrogatory No. 2, and describe the role and Contribution that each such individual had in the drafting, considering, approving and/or disapproving any and all inmate religious requests, Commissary sold items marked and/or Categorized as "Halal" or "Halal Approved", Holiday Food packages, Common Fare diet, and/or of the respective directives or policies.

4. Identify the alleged governmental or penalogical interests justifying the denials and/or any limitation on an inmate's - the Plaintiff's - religious motivated requests as those cited in - but not limited to - the Plaintiff's Complaint, and/or those cited in the Plaintiff Complaint enumerated and identified as the Second (2nd), Fourth (4th), Tenth (10th), Fifteenth (15th), Eighteenth (18th), Nineteenth (19th), Twentieth (20th), Twenty First (21st), and Twenty Third (23rd) Causes of Action. For all governmental or penalogical interests identify in response to this Interrogatory, Please detail the specific facts and rationale on which each such justification is based, including any alternatives considered. Furthermore, identify the Connecticut Department of Correction's policies and/or regulations on the enumerated Claims and Causes of actions, and if so, identify when the policy and/or regulation changed and the reasons for the change.

5. Identify the alleged governmental or penalogical interests justifying the denials and/or any limitation on an inmate's - the Plaintiff's - ability to purchase Islamic Halal Certified Food Packages once a year Containing Islamic traditional Foods, snacks, and beverages during any of the two Major Islamic Holy Months, i.e. Ramadan and/or Zhu Al-Hijjah. For any and/or all alleged governmental or penalogical interests identified in response to this interrogatory, please detail the specific facts and rationale on which each such justification is based, including any alternative limitations considered. Furthermore,

identify if the DOC policy regarding Food Packages once a year has changed since 2005, and if so, identify when the policy changed and the reasons for the change.

6. Identify the alleged governmental or penalogical interests justifying denials and/or limitation on Plaintiff's ability to obtain certain Islamic items central to the practices of the Plaintiff's beliefs, such as but not limited to:
   a. PenMan Digital Quran, Model RS-5000 SH6;
   b. Islamic Educational CD's;
   c. Islamic Perfumed Incense;
   d. Islamic leather socks (Khuffs);
   e. Islamic "Halal Certified" toiletries, such as but not limited to, Lotions, Creams, toothpaste, soaps, deoderants, Shampoo, etc.;
   f. Qiblah Compass;
   g. Azhan Five daily Essential Prayers (Salat) Alarm Clock;
   h. Islamic Male silver Ring.

7. Identify all Connecticut Department of Correction ("DOC") administrative directives ("directives") or policies relating to the allegations in the Plaintiff's Complaint and/or Defendants' defenses, including, but not limited to, directives and policies relating to Commissary item(s) Classified as "Halal", and/or "H-Halal Approved", namely CT DOC Commissary item(s) # 673 "Jolly Ranchers", but not limited to Commissary item # 673 "Jolly Ranchers".

8. Identify each individual or entity that participated in drafting, considering, or approving the directives, policies, and/or Commissary item(s) Classified as "Halal" and/or "H- Halal Approved", namely, but not limited to, Connecticut Department of Correction's Commissary Item # 673 "Jolly Ranchers", identified in response to Interrogatory No. 7, and describe the role and contribution that each such individual had in the drafting, considering, or approval of the respective directives, Policies, and Commissary Item(s) and not limited to Item #673 "Jolly Ranchers".

9. Identify each individual or entity that participated in drafting, considering, or approving the directives, policies, and All Common-Fare foods and ingredients as "Certified Kosher and acceptable to Muslim dietary Law", since March of 2006 to the day of your response, and describe the role and contribution that each such individual had in the drafting, considering, or approving the directives, policies, and all Common-Fare Foods, ingredients, and preparation procedures related to the Common-Fare Program.

10. Identify each individual or entity that participates at each individual Connecticut Department of correction Facility, and not limited to, MacDougall-Walker correctional Institution- Garner Correctional Institution- Corrigan-Radgowski Correctional Institution- and Cheshire Correctional Institution- at administrating, supervising, or ensuring that the Facility's Chaple or multipurpose room, where Islamic Services are conducted, are cleaned including, but not limited to, Islamic Service Congregational Prayer Rugs/Mats used For Islamic Services, and describe the role and contribution that each such individual or entity had/has.

Request For Documents

11. If any of the above interrogatory(ies) are set forth in any job description, policy, directive, duties, memos, or other document, produce the document(s).

Date: 07-11-2011

Joe Burgos Vega

Joe Burgos Vega, ID. #130435
Cheshire correctional Institution
900 Highland Avenue
Cheshire, CT 06410

EXHIBIT - C

DISTRICT OF CONNECTICUT

Jose Burgos Vega — Docket No. 3:09cv737 (VLB)

v. — August 4th 2011

M. Jodi Rell et al.

Dear A.A.G. Steven R. Strom,

Please be informed that over 30 days has lapsed from the date of the following discovery Request(s):

1. June 30, 2011 "Plaintiff's Second Request for Production of Documents".
2. The "First set of Interrogatories Propounded upon defendant Anthony J. Bruno" is also nearing in, as it was mailed and dated July 11, 2011.

During the deposition here at Cheshire CI, at its completion, you assured me that the above discovery requests were going to be responded timely. I must inform you that I have not yet received them. Furthermore, you know the Honorable Judge Vanessa L. Bryant has notified us sternly that any motions for extension of time will be faced "disinclined".

I will patiently wait for your compliance. Thank you.

oh, I may have to call you as a witness.

Jose Burgos Vega

The Plaintiff

CC: A.A.G. Steven R. Strom

Plaintiff

U.S. Dist. Clerk

CERTIFICATION

The Plaintiff Joe Burgos Vega certifies that a copy of the foregoing "Plaintiff's Declaration In Support of Motion To Compel Discovery" was mailed to the defendants on this 16th day of August, 2011; at:

M. Jodi Rell, et al.
c/o A.A.G. Steven R. Strom
110 Sherman Street
Hartford, CT 06105

08-16-2011

The Plaintiff Pro se',

Joe Burgos Vega

Joe Burgos Vega, ID. # 130135
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

SRF

Special Request Form
Connecticut Department of Correction

| | |
|---|---|
| Inmate No. 130135 | Date 08-16-2011 |
| Inmate Name Joe Vega | |

Payee Information

Name

Street

City

State, Zip Code

Reason Postage legal mail U.S. Dist. Court Motion to compel

Amount $ ______

Inmate Signature (in presence of counselor) Joe Vargas Vega

Counselor Signature:

Date: 8/16/11

Approvals:

Counselor Supervisor

Warden / Dep. Warden

Business Office Use Only:

| | Number | Amount | Date |
|---|---|---|---|
| Check | | | |

Business Staff Releasing Funds

Date:

APPROVAL STAMP: APPROVED

Original: I/M Accts.
Yellow: Counselor
Pink: Inmate