UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2011 OCT 20 P 3:
US DISTRICT COURT

JOE BURGOS VEGA    CIVIL NO. 3:09CV737 (VLB)
v.
M. JODI RELL, ET AL.    October 16, 2011

Plaintiff's Motion And Memorandum Of Law To Re'Open Dismissed Due Process Claims.

The Plaintiff Joe Burgos Vega respectfully moves this Honorable Court to re-open the Plaintiff's Due Process Claims in this action-suit that the Court dismissed on June 21, 2011 [See: Doc. 99, dated 06-21-2011, at pgs. 28-32] because of the following reason(s):

1. The Connecticut Department of Correction is issuing retroactive "Risk Reduction Earned Credit (RREC)" making the Plaintiff entitled to earn Risk Reduction Earned Credits retroactively. See: Plaintiff's Declaration, ¶ 7 through 8.

2. On October 7, 2011 Connecticut Department of Correction administrators posted an "Inmate Population Fact Sheet" outlining Risk Reduction Eligibility; in which it states "Inmates are not eligible to earn 5 days per month retroactively for the month(s) in which they received a Class A or B disciplinary report,..." See Plaintiff's Declaration, ¶ 9.

3. According to the Inmate Population Fact sheet due to disciplinary reports:
A. M-WCI 0609058 – class A; (dated: 09-11-2006);
B. M-WCI 0609065 – class A; (dated: 09-11-2006);
C. M-WCI 0804087 – class B, (dated: 04-22-2008);
cited in the Plaintiff's Amended complaint, at the 5th, 6th, 7th and 13th, 18th, and 19th Causes of Action(s), the Plaintiff will "... not be eligible to earn 5 days per month retroactively for the month(s) in which ...(he)... received a class A or B disciplinary report,". The result is that it will lengthen the Plaintiff's confinement. Under these facts the requirement of the Plaintiff having a 'Liberty Interest' is met. See: Plaintiff's Declaration, ¶ 10; . Sandin v. Conner, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995).

4. The defendants should have known about the retroactive applicability of Law in regard to the Plaintiff's earning "Risk Reduction Earned Credits" prior to the Court's Ruling/Order [Doc. 99, dated 06-21-2011] yet did not notify nor attempt to notify the Court of changes to the Law they cited in their motion to dismiss.

5. The Plaintiff would be barred to litigate the facts before this Court again in another action due to Res Judicata and/or Collateral Estoppel. Migra v. Warren City School Dist. Bd. Educ., 565 U.S. 75, 77 n.1, 104 S.Ct. 92 (1984).

6. The Plaintiff has a liberty interest with regard to the dismissed disciplinary reports' due process violation claims nunc pro tunc. See: Plaintiff's Declaration ¶ 11. Sandin v. Conner, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995)

For all or any of the foregoing reason(s) the Plaintiff prays that this Honorable Court Reopens the dismissed disciplinary report(s)' due process violation claims.

The Plaintiff Pro Se',

10-16-2011

Joe Burgos Vega

Joe Burgos Vega, I.D. #130/35
Cheshire Correctional Inst.
900 Highland Avenue
Cheshire, CT 06410

CERTIFICATION

This is to certify under penalty of perjury that the Plaintiff has mailed a copy of the foregoing "Plaintiff's Motion And Memorandum Of Law To ReOpen Dismissed Due Process Claims" on this 16 day of October of 2011 to the defendants at:

M. Jodi Rell, et al.
c/o A.A.G. Steven R. Strom
110 Sherman Street
Hartford, CT 06105

The Plaintiff Pro-se',

10-16-2011

Joe Burgos Vega

Joe Burgos Vega, I.D. #130/35
Cheshire Correctional Inst.
900 Highland Avenue
Cheshire, CT 06410