UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2011 OCT 20 P 3: 16
US DISTRICT COURT

JOE BURGOS VEGA CIVIL NO. 3:09CV737 (VLB)

v.

M. JODI RELL, ET AL. October 16, 2011

# Plaintiff's Declaration In Support Of Plaintiff's Motion And Memorandum Of Law To ReOpen Dismissed Due Process Claims.

Pursuant to 28 U.S.C. § 1746

I Joe Burgos Vega declare under penalty of perjury that:

1. I am the Plaintiff Joe Burgos Vega ("the Plaintiff") in this action suit.

2. I am over the age of 21.

3. Some of the Plaintiff's Claims in the Operating Complaint dated December 24, 2009 Cited due process violation(s). See: Plaintiff's Amd. Comp. [Doc. #47] but not limited to paragraphs: ¶ 538, ¶ 539, ¶ 540, ¶ 546, ¶ 551, ¶ 552, and ¶ 556.

4. On or around September 28, 2010 the defendants filed [Doc. #76] Motion To Dismiss, and [Doc. #77] Motion For leave to file brief in excess of 40 pages in support of Motion to Dismiss; and claimed therein "... All of Plaintiff's various allegations in this voluminous complaint concerning various disciplinary reports should be dismissed, because Plaintiff did allege a loss of good time and in fact did not lose any statutory good time, and at most, Plaintiff was sanctioned with 30 days or less in punitive segregation. Under Sandin v. Connor, 515 U.S. 472; 115 S. Ct. 2295 (1995), the Court found that disciplinary confinement for 30 days "did not work a major disruption in [the Plaintiff's] environment. Id at 2301." See: Doc. 77, Defendants' Memorandum of Law In Support of Motion To Dismiss, at pg. 12, 25 through 28.

5. On or around March 30, 2011 the Plaintiff filed [Doc. 94] Notice of Filing and Declaration; as well as [Doc. 95] Motion For Leave to file (Attachments: #1)

Objection and Reply to Motion to Dismiss, (# 2); and, Memorandum in Support of Objection and Reply to Motion to Dismiss, (# 3).

6. On June 21, 2011 the Court entered [Doc. 99] Order/Ruling granting in part and denying in part [Doc. 76] defendants' Motion to Dismiss. Among the Causes of Action(s) that the Court dismissed were the Plaintiff's disciplinary report(s) and finding(s) due process violation(s). See; Doc. 99, at pgs. 28 through 32.

7. On July 1st, 2011 (07-01-11) ten days after the Honorable Court's Order/Ruling, i.e. Doc. #99 - dated 06-21-2011, the Governor of Connecticut - the Honorable Dannel P. Malloy, signed into Law for Connecticut prison inmates to earn credit (good time) in accordance with Public Act 11-51, at the discretion of the Commissioner of Correction. Details of the new Law was not made known to the Plaintiff (inmates) yet.

8. On October 7, 2011 (10-7-11) Connecticut Department of Correction Administrators at the Cheshire Correctional Institution made a public posting of detailed information

pertaining to the newly signed Law-cited above in paragraph #7- disclosing the Plaintiff's (Inmates') retroactive earning of credits, (5) five days per month. See: attached exhibit - A.

9. According to [exhibit - A] the "Inmate Population Fact Sheet - Risk Reduction Earned Credit", "...Inmates are not eligible to earn 5 days per month retroactively for the month(s) in which they received a class A or B disciplinary report..."

10. According to [exhibit-A] the "Inmate Population Fact Sheet" the Plaintiff will not be earning (5) five days per month retroactively for the month(s) in which he received the following Class A and B disciplinary report(s):

A. M-WCI 0609058- class: A, dated: 09-11-2006;
B. M-WCI 0609065- class: A, dated: 09-11-2006;
C. M-WCI 0804087- class: B, dated: 04-22-2008

cited in the Plaintiff's Amended Complaint at (but not limited to) 5th, 6th, 7th, and 13th, 18th, and 19th Causes of Action(s) where the Plaintiff cited (but not limited to)

protected and retained 14th Amendment Due process violation(s); thereby, lengthening the Plaintiff's confinement.

11. Clearly, the Plaintiff has a nunc pro tunc Liberty Interest with regard to his (06-21-2011) dismissed disciplinary reports due process violation claims. And may be barred to litigate these facts before any Court again due to Collateral Estoppel and/or Res Judicata.

Pursuant to 28 U.S.C §1746 the Plaintiff Joe Burgos Vega declares under penalty of perjury that the foregoing is true and correct based upon knowledge, information and belief.

The Plaintiff Pro-Se',

10-16-2011 Joe Burgos Vega

Joe Burgos Vega, I.D.#130135
Cheshire Correctional Inst.
900 Highland Avenue
Cheshire, CT 06410

CERTIFICATION

This is to certify under penalty of perjury that the Plaintiff has mailed a copy of the foregoing "Plaintiff's Declaration In Support Of Plaintiff's Motion And Memorandum Of Law To Re Open Dismissed Due Process Claims" to the defendants on this 16th day of October of 2011; at:

M. Jodi Rell, et al.
c/o A.A.G. Steven R. Strom
110 Sherman Street
Hartford, CT 06105

JBV

The Plaintiff Pro Se',

10-16-2011

Joe Burgos Vega

Joe Burgos Vega I.D.#130135
Cheshire Correctional Inst.
900 Highland Avenue
Cheshire, CT 06410

Joe Burgos Vega, I.D.# [illegible]
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

SOUTHERN CT 064
19 OCT 2011 PM 2 L




"Privileged Correspondence"
"Legal Mail"

To: The United States District Clerk
United States District Court
District of Connecticut
450 Main Street
Hartford, Connecticut 06103

06103/3022