UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOE BURGOS VEGA

v.

M. JODI RELL, ET AL.

CIVIL NO. 3:09cv737(VLB)

October 21, 2011.

FILED 2011 OCT 26 P 1:07 US DISTRICT COURT

# Plaintiff's Objection And Memorandum Of Law Against The Defendants' Motion For Summary Judgment, Dated: October 18, 2011.

The Pro-Se Plaintiff objects against the defendants' - Richard Furey and Timothy Silvis - inappropriate motion for summary judgment because the defendant(s) have not yet complied with the Plaintiff's discovery requests. See: LaBounty v. Coughlin, 137 F. 3d 68, 71-72 (2d Cir. 1998); Salahuddin v. Coughlin, 993 F. 2d 306, 309-10 (2d Cir. 1993). See Plaintiff's Declaration at ¶ 4, ¶ 5, ¶ 8.

The Pro-Se Plaintiff ask this Honorable Court to deny the defendants' motion for summary judgment, or at the least stay it until the Plaintiff has obtained the necessary discovery requests, documents, and/or information, Pursuant to Rule 56 (F),

Fed. R. Civ. P. A court should not grant summary judgment against a party who has not had an opportunity to pursue discovery or whose discovery requests have not been answered. Ingle v. Yelton, 439 F. 3d 191, 196 (4th Cir. 2006)(denial of Rule 56 (f) motion "is particularly inappropriate when ... 'the materials sought are the object of outstanding discovery'" (citations omitted)); Leigh v. Warner Bros., Inc., 212 F. 3d 1210, 1219 (11th Cir. 2000)(summary judgment is generally inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests); LaBounty v. Coughlin, 137 F. 3d 68, 71-72 (2d Cir. 1998); Salahuddin v. Coughlin, 993 F. 2d 306, 309-10 (2d Cir. 1993); Klingele v. Eikenberry, 849 F. 2d 409, 412-13 (9th Cir. 1988); Nauman v. Bugado, 374 F. Supp. 2d 893, 900-01 (D. Haw. 2005)(where plaintiff had no evidence to support his municipal liability claim, but had made a discovery request for the defendant officers' disciplinary and complaint records, court denied summary judgment

pending compliance with the discovery requests). See: Doc. 120 Motion To compel Discovery; and, Doc. 121 Brief in Support of 120 Motion To compel Discovery. See accompanying Declaration In support OF Plaintiff's Objection And Memorandum Of Law Against the Defendants' Motion For Summary Judgment Dated October 18, 2011 at ¶7.

The defendants have waived their objections by their failure to respond timely to the requests. It is well established in Federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production request, or other discovery efforts." Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990); accord, Morin v. Nationwide Federal Credit Union, 229 F.R.D. 364, 368 (D. Conn. 2005); Safeco Ins. Co. of America v. Rawstrom, 183 F.R.D. 668, 670-73 (C.D. Cal. 1998); Demary v. Yamaha Motor Crop., 125 F.R.D. 20, 22 (D. Mass. 1989) and cases cited.

This waiver is enforced even if the objections are based on a claim of privilege. Marx v. Kelly, Hart & Halman, P.C., 929 F. 2d 8, 12 (1st Cir. 1991); Fonville v.

District of Columbia, 230 F.R.D. 38, 42-43 (D.D.C. 2005); Fretz v. Keltner, 109 F.R.D. 303, 309 (D. Kan. 1986) and cases cited. The noncomplying party is excused from the waiver only if the discovery is "patently improper," Godsey v. United States, 133 F.R.D. at 113, or if it "far exceeds the bounds of fair discovery," Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988); accord, U.S. ex rel. Burroughs v. DeNardi Corp., 167 F.R.D. 680, 687 (S.D. Cal. 1996).

The overdue discovery sought by the Plaintiff is very much relevant to the Claims and defenses against- but not limited to- defendants Richard Furey and Timothy Silvis. [See Doc. 120 and 121] Rule 26(b)(1), Fed. R. Civ. P., permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense. ...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See: Declaration at: ¶4, ¶5, ¶7, ¶8, ¶9.

The information sought is highly relevant as the evidence may also support the claims against defendant(s) Richard Furey and Timothy Silvis. Rule 404 (b), Fed. R. Evid., provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for the other purposes, such as proof of motive, opportunity, intent, preparation, plan, Knowledge identity, or absence of mistake or accident." Evidence of prior incidents of abuse by prison or law enforcement personnel has been admitted by several courts as relevant to "motive, opportunity, intent, preparation, plan, Knowledge, identity or absence of mistake or accident." See: Barnes v. City of Cincinnati, 401 F. 3d 729, 741-42 (6th Cir. 2005) ("intent" to discriminate); Heno v. Sprint/United Mgmt. Co., 208 F. 3d 847, 856 (10th Cir. 2000) (anecdotal evidence of discrimination admissible if incident can be tied to plaintiff's circumstances through, for example, common supervisors and same time frame); Hynes v. Coughlin, 79 F. 3d 285, 290-01 (2d Cir. 1996); Gutierrez-Rodriguez v. Cartagena, 882 F. 3d 553, 572 (1st Cir. 1989) (evidence of 13 prior incidents of misbehavior by officer admissible against

against supervisor to show knowledge).

CONCLUSION

For any and/or all of the foregoing reason(s) this Honorable Court should deny the defendants' motion for summary judgment, or at the least stay it until the Plaintiff has obtained the necessary discovery requests, documents, information, etc., Pursuant to Rule 56 (f) Fed. R. Civ. P.

The Plaintiff Pro-se',

10-21-2011 Joe Burgos Vega

Joe Burgos Vega, I.D. #130135
Cheshire Correctional Inst.
900 Highland Avenue
Cheshire, CT 06410

CERTIFICATION

The Plaintiff certifies that a copy of the foregoing "Plaintiff's Objection And Memorandum Of Law Against The Defendants' Motion For Summary Judgment, Dated: October 18, 2011" was mailed to the defendants on this 21 day of October, 2011; at:

M. Jodi Rell, et al. c/o A.A.G. Steven R. Strom
110 Sherman Street, Hartford, CT 06105

The Plaintiff Pro-se',

10-21-2011 Joe Burgos Vega

Joe Burgos Vega

Joe Burgos Vega, I.D. #130135
Cheshire Correctional Institotion
900 Highland Avenue
Cheshire, CT 06410

SOUTHERN CT 064
25 OCT 2011 PM 1 T




"Privileged Correspondence"
"Legal Mail"

To: The U.S. District Clerk
United States District Court
450 Main street
Hartford, Connecticut 06103

06103+3079