UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOE BURGOS VEGA, :
Plaintiff, :
: CASE NO. 3:09-cv-737 (VLB)
v. :
: March 27, 2011
M. JODI RELL, et al., :
Defendants. :

RULING DENYING PLAINTIFF'S MOTION TO COMPEL [Doc. #120]

The plaintiff seeks an order compelling the defendants to respond to his second request for production of documents and the first set of interrogatories directed to defendant Bruno. For the reasons that follow, the plaintiff's motion is denied.

The defendants have objected to the motion to compel and state that the never received the letter purportedly mailed to them by the plaintiff on August 4, 2011. [Dkt. #122]. In addition, they argue in that same memorandum that, on August 12, 2011, the discovery deadline was extended to September 19, 2011. In docket entry #118, the Amended Scheduling order sets the discovery deadline to September 19, 2011. The court finds that because the plaintiff filed his motion to compel on August 16, 2011 that this is after the deadline was extended and before the discovery period expired. Therefore, the plaintiff's Motion to Compel is denied as premature.

In addition, Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith

effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain.

On June 21, 2011, the court granted in part the defendants' motion to dismiss [Dkt. No. 99]. Some of the dismissed claims relate to the plaintiff's Islamic ring, a disciplinary report for fighting, participation in the Eid-Al-Fitr and Eid-Ul-Adha feasts, the search of the plaintiff's mother, the separation profile imposed when the plaintiff was transferred to Garner Correctional Institution and resulting denial of congregate religious services, replacement of the plaintiff's watch and boots, a broken radio, dental treatment and the quality of Musk oils sold in the commissary. A review of the production request attached to the plaintiff's motion shows that some of the documents requested relate to the dismissed claims. For example, request 16 seeks information regarding the search of the plaintiff's mother, request 17 the plaintiff's boots, request 22 the plaintiff's Islamic ring, request 23 the separation profile at Garner Correctional Institution and request 26 the plaintiff's radio. Although the second request for production was not served until June 30, 2011, nearly one month later after the court dismissed these claims, the plaintiff failed to remove these requests and continued to demand production of these documents in the attached letter to

**defendants' counsel. The court concludes that the plaintiff was not acting in good faith in filing this motion to compel.**

**The plaintiff's motion to compel [Doc. #120] is DENIED.**

**IT IS SO ORDERED.**

**/s/**
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: March 27, 2011.**