## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOE BURGOS VEGA,                          :
            Plaintiff,                :
                            :
      v.                                 :          CASE NO. 3:09-cv-737 (VLB)
                            :
M. JODI RELL, et al.,                      :
            Defendants.        :          April 16, 2012

### RULING DENYING PLAINTIFF'S MOTION TO REOPEN [Doc. #128]

On June 21, 2011, the court filed its ruling granting in part the defendants' motion to dismiss. *See* Doc. #99. One of the dismissed claims was the plaintiff's claim that he was denied due process at two disciplinary hearings. Reviewing the substance of the motion, it is unclear whether this is a Motion to Reconsider on the basis of new law or a Motion to Amend to assert new claims on the basis of new law. The court reviews the motion under both standards and denies for the reasons set forth below.

Motions for Reconsideration are governed by Local Rule 7(c). That rule provides, "Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." The Court entered judgment dismissing the plaintiff's due process complaints on June 21, 2011 [Dkt. #99]. The instant motion was filed on

October 20, 2011, well beyond the 14 day deadline.  Thus, if the motion be a Motion for Reconsideration, it is grossly untimely.

Motions to Amend are governed by Rule 15 of the Federal Rules of Civil Procedure.  That rule provides 21 days to amend as a matter of course after the initial pleading was served.  In this case, the initial complaint was served on the parties during July of 2009 and the amended complaint was served on the parties during March and April of 2010.  If this motion be a Motion to Amend, it is grossly untimely under this rule.

Furthermore, the Connecticut legislature enacted Public Act 11-51, effective July 1, 2011, which makes available to inmates Risk Reduction Earned Credits ("RREC").  These discretionary credits may be applied if an inmate demonstrates good behavior and is in compliance with his Offender Accountability Plan.  Application of RREC will reduce an inmate's sentence.  The act contains a provision for retroactive application to conduct occurring after April 1, 2006.  *See*  www.ct.gov/doc/lib/doc/PDF/RRECBill6650.pdf.

To state a claim for denial of due process, the plaintiff must show that he had a protected liberty or property interest and the deprivation of that interest caused him to suffer an atypical and significant hardship.  *See Tellier v. Fields*, 280 F.3d 69, 81 (2d Cir. 2000).  The court dismissed the plaintiff's due process claims because the plaintiff failed to establish that any of the sanctions he suffered rose to the level of an atypical and significant hardship.  *See* Doc. #99 at 29-31.

2

The plaintiff now argues that the retroactive provision of the public act means that he is entitled to retroactive RREC and that the disciplinary reports have deprived him of RREC thereby lengthening his sentence.  He views the retroactive RREC as a protected interest and argues that denying him retroactive RREC is an atypical and significant hardship.  Thus, he contends that relitigation of the due process claim is warranted.

RREC is similar to good time credit.  In both situations, the prisoner has the opportunity to earn a time reduction toward his sentence for good behavior coupled with other requirements.  An inmate, however, has no inherent liberty interest in receiving good time credit.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Abed v. Armstrong*, 209 F.3d 63, 66–67 (2d Cir. 2000) (while "inmates have a liberty interest in good time credit they have already earned," they have no such interest "in the opportunity to earn good time credit where ... prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit").

Public Act 11-51, containing the precatory term "may," authorizes the commissioner to award RREC at his discretion.  No liberty interest in RREC has been created under state law because the commissioner is not required to make RREC available to all inmates; he has the discretion to make it available.  *See Abed v. Armstrong*, 209 F.3d 63 (2d Cir. 2000)(finding that inmates' due process claim failed because where prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit, they have no

3

constitutionally protected interest); *see also Beasley v. Commissioner of Correction*, 50 Conn. App. 421, 437-38, 718 A.2d 487, 496-97 (1998), *aff'd*, 249 Conn. 499, 733 A.2d 833 (1999) (noting that opportunity to earn statutory good time is not a constitutionally protected liberty interest and inmates need not be afforded a hearing before the opportunity is denied); *Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991) (state statute giving prison officials discretion in awarding good time credits does not create a liberty interest), *cert. denied*, 506 U.S. 841 (1992).

Although every inmate complying with the requirements is eligible for a retroactive award of RREC, no inmate is entitled to a retroactive award of RREC. Plaintiff agrees that the award of RREC is within the commissioner's discretion. [Dkt. 128 ¶7].  Thus, Connecticut inmates have no protected liberty interest either arising under the Due Process Clause or created by state law  in receiving retroactive RREC.  The plaintiff's inability to earn retroactive RREC does not constitute a due process violation.

In his reply brief, the plaintiff characterizes the denial of retroactive RREC as a violation of the Ex Post Facto Clause.  This characterization is incorrect.  The Ex Post Facto Clause prohibits laws that increase the punishment for a crime beyond that authorized when the crime was committed.  The plaintiff is serving a sixty year sentence following his 1997 conviction.  His maximum release date is March 25, 2055.  *See* www.ctinmateinfo.state.ct.us (last visited March 16, 2012). Whether or not he is awarded retroactive RREC, he will not be incarcerated past

4

that date.  Thus, the public act does not implicate ex post facto concerns.

The plaintiff's motion to reopen [Doc. #128] is DENIED.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: April 16, 2012.

5