# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BURGOS VEGA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:09cv737 (VLB) |
| | : | |
| M. JODI RELL, et al., | : | |
| Defendants. | : | |

## RULING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. # 126] AND DENYING PLAINTIFF'S MOTION TO STRIKE [Doc. #147]

The plaintiff, currently incarcerated at Cheshire Correctional Institution, has filed an action *pro se* under 42 U.S.C. §§ 1983, 1985 and 1986; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 et seq.; and the Religious Land Use and Institutionalized Persons Act "RLUIPA"), 42 U.S.C. § 2000cc et seq.  In prior rulings, the court dismissed many of the claims and defendants.  See Docs. ## 4, 99.  Defendants Richard Furey[1] and Dr. Timothy Silvis (hereinafter "the defendants") now move for summary judgment on the Eighth Amendment claim for deliberate indifference to serious medical needs and the Fourteenth Amendment claim for involuntary administration of psychiatric medication.  These claims are set forth in Causes of Action 11 and 24 of the amended complaint.  The plaintiff opposes the motion and has filed a motion to strike two paragraphs of

---

[1]The plaintiff incorrectly named defendant Furey as Furrey in the amended complaint.  The court uses the correct spelling in this ruling.

defendant Silvis' affidavit and one of the attached exhibits.  For the reasons that follow, the plaintiff's motion to strike is DENIED and the defendants' motion for summary judgment is GRANTED.


## I.  Motion to Strike

The plaintiff moves to strike two paragraphs from defendant Silvis' affidavit and one of the attached exhibits as hearsay.  Rule 12(f), Fed. R. Civ. P., provides that a court may strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  An affidavit is not a pleading.  See Fed. R. Civ. P. 7(a) (defining pleadings).  In addition, motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."  Schramm v. Kirschell, 84 F.R.D. 294, 299 (D. Conn. 1979).

The plaintiff's motion to strike is denied.  The court will, however, consider the plaintiff's objections to the material in conjunction with his opposition to the motion for summary judgment.


## II. Motion for Summary Judgment

### A.      Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is therefore entitled to judgment as a matter of law.  *See* Rule 56(a), Fed. R. Civ. P.;

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The moving party may satisfy this burden "by showing–that is pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted).  Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  Merely verifying the allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment.  Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  Patterson v. County of Oneida, NY, 375 F.3d 206, 218 (2d Cir. 2004).  If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate.  Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).  However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'"  Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004) (quoting

3

<u>Anderson</u>, 477 U.S. at 252)).

    B.    <u>Facts</u>[2]

    The following facts are relevant to the claims against defendants Furey and Silvis.  During the time period relevant to this action, defendants Furey and Silvis worked at MacDougall Correctional Institution, where the plaintiff was incarcerated.  The plaintiff transferred to another correctional facility in July 2008.

    Defendant Furey is a Health Services Administrator.  He is not a medical professional.  Defendant Furey cannot provide any medical services and does not supervise the medical staff.  As an administrator, defendant Furey monitored the activities of the medical staff to ensure that requests for medical treatment were addressed.  Any medical concerns presented to him were referred to the medical staff.

    Defendant Silvis was a doctor working at MacDougall Correctional Institution during the relevant time period.  He has since retired.  Defendant Silvis treated the plaintiff on numerous occasions.  He could not, however, directly refer the plaintiff for any special tests or consultations.  Those decisions are made by the Utilization Review Committee ("URC").  Defendant Silvis prescribed various

---

[2]Rule 56(a)3, D. Conn. L. Civ. R., requires that each statement contained in the Local Rule 56(a)2 Statement filed in opposition to a motion for summary judgment be followed by a specific citation to either the affidavit of a witness who would be competent to testify to the facts at trial or to other admissible evidence. This requirement applies to both counsel and pro se parties.  The plaintiff was on notice of this requirement.  <u>See</u> Doc. #126-6.  Despite receiving notice, the plaintiff's Local Rule 56(a)2 Statement does not contain the required citations. <u>See</u> Doc. #149-2.  Accordingly, the facts set forth in the defendants' Local Rule 56(a)1 are deemed admitted.  <u>See</u> D. Conn. L. Civ. R. 56(a)1.

medications to treat the plaintiff's complaints of chronic back pain.  He did not deny the plaintiff medication.

The plaintiff was primarily treated for complaints of chronic back pain.  X-rays were taken of the plaintiff's spine in February 2006,  January 2008 and April 2008.  The second x-ray noted no interval change as compared to the first.  The vertebral bodies were aligned and the heights and disc spaces were preserved.  The overall impression was minor spondylosis deformans, a term referring to degenerative osteoarthritis.  Consistent with the ordinary standard of care, the plaintiff was treated for this condition with Ibuprofin, an NSAID.  The x-rays indicated no change in two years, suggesting that the plaintiff's condition was stable.  This impression was confirmed by observation of the plaintiff's demeanor, physical examination showing a fair range of motion and the plaintiff's daily activities.

Defendant Silvis also ordered a bottom bunk pass for the plaintiff and, in addition to Ibuprofin, prescribed trials of Elavil and Tegretol for pain management.  The plaintiff failed to report to the medical unit to take the Tegretol sixteen times during March and April 2008.  He said that he would not take the Tegretol because he could not keep the medication on his person.  In response, defendant Silvis reordered the Tegretol and permitted the plaintiff to keep it on his person.

The plaintiff also complained of chronic leg pain as a result of a gun shot that occurred sixteen years before he was incarcerated.  Although the plaintiff stated that he had a bullet in his leg, x-rays showed no bullet and a normal femur.

5

Examination showed a good range of motion in the leg.

C. Discussion

The defendants argue that the plaintiff fails to demonstrate that defendant Silvis was deliberately indifferent to a serious medical need or that defendant Furey was personally involved in the provision of medical care.

The Eleventh and Twenty-fourth Causes of Action are the only claims involving defendants Silvis and Furey.  In his Eleventh Cause of Action, the plaintiff alleges that the defendants: (a) delayed and/or denied him access to medical care; (b) denied access to qualified medical personnel; (c) interfered with medical judgment based on non-medical factors; (d) failed to carry our medical orders by denying the plaintiff prescribed pain medication for a substantial time; (e) refused to follow prescribed treatment; (f) refused to provide pain medication and other items to reduce pain; (g) refused to order that the plaintiff be housed in a single cell; (h) refused to provide a cane, shock-absorbent footwear or a therapeutic mattress.  The plaintiff contends that these actions violated his rights under the First, Eighth and Fourteenth Amendments, Connecticut statutes and 42 U.S.C. § 1201, et seq.  In the Twenty-fourth Cause of Action, the plaintiff argues that the defendants involuntarily administered psychiatric medication in violation of his rights under the First, Fifth, Eighth and Fourteenth Amendments, 42 U.S.C. §§ 1983, 1985, 1986, 2000cc, Connecticut statutes and the Connecticut Constitution.

The court has dismissed all claims pursuant to 42 U.S.C. §§ 1985 and 1986.

See Doc. #99 at 48-50, 53.  To the extent that the plaintiff is attempting to assert a substantive claim for violation of 42 U.S.C. § 1983, his claim fails.  Section 1983 is a vehicle to assert claims for violation of federally protected rights against state actors.  It does not create any substantive rights.  See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999) (Section 1983 creates no substantive rights; it merely provides a procedure for redress of the violation of federally protected rights).  Accordingly, any separate claim for violation of substantive rights created under section 1983 is dismissed.  In addition, these claims concern the plaintiff's medical care.  The court can discern no factual basis for a First or Fifth Amendment violation against defendants Silvis and Furey.  Accordingly, any First or Fifth Amendment claims against defendants Silvis and Furey are dismissed pursuant to 28 U.S.C. § 1915A.

The plaintiff's ADA claim against defendants Silvis and Furey also is not cognizable.  Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his disability.  See Elbert v. New York State Dep't of Correctional Srvs., 751 F. Supp. 2d 590, 595-96 (S.D.N.Y. 2010) (citing cases); Galvin v. Cook, No. 00-CV-29, 2000 WL 1520231, at * 6-7 (D. Or. Oct. 3, 2000) (the ADA "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, but do[es[ not provide them with a general federal cause of action for challenging the medical treatment of their underlying disabilities").  In these cause of action, the plaintiff is challenging the medical treatment he was

7

provided for his complaints of chronic back and leg pain, presumably the basis for his disability.  This challenge does not constitute a separate ADA claim.  The ADA claim against defendants Silvis and Furey is dismissed pursuant to 28 U.S.C. § 1915A.

In the two causes of action at issue here, as with most others, the plaintiff states that the defendants have violated his rights under state statutes and the state constitution.  Neither in the amended complaint nor in opposition to the motion for summary judgment, however, does the plaintiff identify any specific state statute or state constitutional provision violated by the defendants.  Absent identification of a state statute or constitutional provision providing rights under these facts in excess of those provided under the Eighth or Fourteenth Amendments, the court dismisses the state claims as lacking a cognizable legal basis.

Finally, the court notes that, in his opposition papers, the plaintiff refers to medical care received at other correctional institutions.  These references are irrelevant to the issues in this action.  The only medical claims in this case concern the plaintiff's treatment by defendant Silvis, and defendant Furey's handling of his complaints about that treatment, while the plaintiff was confined at MacDougall Correctional Institution.  Accordingly, the court considers below only the plaintiff's Eighth and Fourteenth Amendment claims concerning his medical treatment at MacDougall Correctional Institution, the only remaining claims

against defendants Silvis and Furey.[3]

## 1.   Deliberate Indifference to Serious Medical Needs

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in several ways.  He alleges in the amended complaint that they delayed and/or denied him access to medical care, denied him access to qualified medical personnel, interfered with medical judgment based on non-medical factors, denied him prescribed pain medication for a substantial time, refused to order that he be housed in a single cell, and refused to provide him with a cane, shock-absorbent footwear or a therapeutic mattress.  The plaintiff also argues that he was denied a bottom bunk pass on several occasions.

To establish an Eighth Amendment claim for denial of medical care, the plaintiff must demonstrate that the defendant was deliberately indifferent to his serious medical needs. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). This two-part test embodies both an objective and a subjective component.  The physical condition of the plaintiff must be sufficiently serious, and the failure to render proper care must result from "a sufficiently culpable state of mind." Id. at 66 (citing, inter alia, Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Accord Smith v.

---

[3]The plaintiff has filed supplemental documents he asks the court to consider when ruling on the defendants' motion for summary judgment.  The court granted the plaintiff's motion. See Docs. ##150, 151.  The court notes, however, that the documents concern the plaintiff's medication in 2011 and his denial of a job in the kitchen again in 2011.  As the facts giving rise to this action end in 2008, when the plaintiff was transferred from MacDougall Correctional Institution, the documents do not support any of the plaintiff's claims in this action.

Carpenter, 316 F.3d 178, 183–84 (2d Cir. 2003).  An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

For the purposes of this ruling, the court assumes that the plaintiff has a serious medical need.  Thus, the court addresses only the subjective component of the deliberate indifference test.

### a. Access to Medical Care and Personnel

The plaintiff's claim for denial of access to medical care and personnel appears to refer to the failure to obtain an MRI and the failure to treat him for an alleged spinal fracture.

The plaintiff concedes that defendant Silvis submitted a request to the URC for an MRI.  The URC denied the request.  See Pl.'s Aff. ¶¶ 34-35.  As the URC is charged with making all decisions for special testing or consultative examinations and the defendants cannot order such tests without approval, the plaintiff has not demonstrated deliberate indifference to his medical needs by the defendants with regard to the lack of an MRI.

The plaintiff also contends that he suffers from a spinal fracture that has not been treated.  He refers the court to a statement in a January 2008 x-ray report noting "evidence of fracture, subluxation and spondylolysis."  Silvis Aff. Ex. C at 57.  The plaintiff's medical records contain reports of three x-rays of the lumbar

10

spine.  The first x-ray was taken on February 24, 2006.  The doctor interpreting the x-ray noted no evidence of fracture or dislocation but could not rule out a disc problem.  Silvis Aff. Ex. C at 62.  The second x-ray was taken on January 31, 2008.  The doctor compared the current results with the 2006 x-ray and observed no interval change.  He noted that the vertebral bodies were aligned and the various heights and disc spaces were preserved, but noted minor anterior osteophytes.  Although the doctor noted evidence of fracture, subluxation and spondylolysis in the narrative section of the report, his diagnostic impression was only minor spondylosis deformans, that is, degenerative osteoarthritis.  See Silvis Aff. Ex. C. at 57.  The third x-ray was taken on April 21, 2008.  The impression was a normal appearing lumbosacral spine with spurs at the endplates of two vertebra.  See Silvis Aff. Ex. C. at 56.  When preparing the motion for summary judgment, the defendants asked a second doctor to review the second set of x-rays.  The doctor reported that the original report contained a typographical error in the narrative; the x-rays reveal no evidence of fracture, subluxation or spondylolysis.  See Silvis Aff. Ex. C at 252.  The plaintiff objects to this report as hearsay.

Regardless whether the cited x-ray showed evidence of a prior fracture, the only diagnostic impression from that x-ray was minor degenerative osteoarthritis.  The plaintiff was treated for this condition.   The other two x-rays noted no evidence of fracture and none of the x-rays identified evidence of fracture as a source of the plaintiff's chronic back pain.  The plaintiff has presented no medical evidence of any other treatment that defendant Silvis should have provided.  The

court concludes that the plaintiff has not presented evidence of a genuine issue of material fact that defendant Silvis was deliberately indifferent to the plaintiff's medical needs. Accordingly, the defendants' motion for summary judgment is granted on this claim.

### b. Pain Medication

The plaintiff argues that he was denied pain medication for extended periods. This claim, however, is based on the plaintiff's incorrect assumption that Elavil and Tegretol are not prescribed for treatment of chronic pain. This assumption is controverted by a grievance the plaintiff filed in April 2007 complaining that his pain medication had been discontinued. In denying the grievance, defendant Furey informed the plaintiff that the Elavil was prescribed for pain. See Pl.'s Mem. App. P.

At all times during the relevant time period, the plaintiff was prescribed NSAIDs, Elavil or Tegretol to treat his complaints of chronic pain. In his affidavit, the plaintiff states that, although Tegretol was prescribed on April 18, 2008, he did not receive any medication until June 2008. See Pl.'s Aff., ¶ 54. The medical records he references, however, show that the medication was administered throughout May 2008. See Pl.'s Mem. App. W.

The plaintiff also argues that he was denied Tylenol refills from August 2007 through January 2008. The medical records reveal that the plaintiff was receiving Elavil for pain through October 2007 and thereafter had been advised that he could purchase Tylenol at the commissary. See Silvis Aff. Ex. C at 12; Pl.'s Mem. Ex. R.

12

Although the over-the-counter Tylenol is a lower strength, the plaintiff could take multiple tablets to obtain the same dosage.  The plaintiff has identified no case law holding that having to take multiple tablets rather than one prescription strength tablet constitutes deliberate indifference and research reveals none.

The court concludes that the plaintiff fails to establish a factual basis for his claim that he was denied pain medication and the defendants' motion for summary judgment is granted on this claim.

### c. Single Cell, Bottom Bunk Pass, Cane, Footwear and Mattress

Although the plaintiff contends that the defendants should have recommended that he be housed in a single cell, he provides no evidence that a single cell was medically required.  The fact that he requested a single cell is insufficient to support a claim of deliberate indifference to serious medical needs.

The plaintiff argues that the defendants failed to ensure that his bottom bunk pass did not expire.  The medical records provided by the parties indicate that the plaintiff was issued a bottom bunk pass in October 2005 for one year.  In November 2006, the pass was renewed for three months.  In February 2007, the pass was again renewed for one year.  Although neither party has presented medical records indicating the next renewal, an evaluation for restrictive housing placement completed in May 2008 shows that the plaintiff still had a bottom bunk pass.  On June 23, 2008, the pass was renewed for one month, then two days later the pass was renewed for two months.  By the time this last pass expired, the plaintiff has been transferred to another correctional facility.

13

The only evidence presented by the plaintiff in support of his claim that the defendants denied him a bottom bunk pass is an entry dated May 24, 2008, where the plaintiff stated that he was told that his bottom bunk pass had expired.  The nurse referred the plaintiff for a doctor visit so the pass could be renewed.  Although the doctor visit was scheduled for July 18, 2008, the pass was renewed several weeks earlier, on June 23, 2008.  <u>See</u> Pl.'s Mem. Ex. AC & AD.[4]  The plaintiff provides no evidence that either defendant was aware that he was without the bottom bunk pass for approximately four weeks or that he was moved to a top bunk during the four weeks.  The court concludes that the defendants were not deliberately indifferent to the plaintiff's medical needs regarding the bottom bunk pass.

The plaintiff has provided documentation that in 2010 he was prescribed therapeutic footwear by a consultative podiatrist at the University of Connecticut Health Center.  <u>See</u> Pl.'s Mem. Ex. A at 4.  He provides no evidence, however, that he required this footwear prior to July 2008, the time period relevant to this lawsuit.  In addition, defendant Silvis is not a podiatrist.  In 2006, when the plaintiff complained of foot problems, defendant Silvis referred him to the podiatrist.  <u>See</u> Silvis Aff. Ex. C at 94.  Any further foot complaints, including recommendations for prescription footwear and consultative examinations, would have been addressed by the podiatrist who is not a defendant in this case.  The plaintiff has provided no

---

[4]Although the plaintiff includes other times that he was without a bottom bunk pass, those instances occurred while he was incarcerated at other correctional facilities and do not relate to the time period covered by this action.

14

evidence showing that referring the plaintiff to a specialist constitutes deliberate indifferent to any foot problems.

Although he argues that the defendants were deliberately indifferent to his serious medical needs by denying him a cane and a therapeutic mattress, the plaintiff has provided no evidence supporting his allegation that these items were medically required.  The only evidence he provides is a medical record where he requested a special mattress.  See Pl.'s Mem. Ex. M.  Absent evidence that these items were medically necessary, the plaintiff's claim constitutes, at most, a disagreement about treatment which is not cognizable under the Eighth Amendment.  The defendants' motion for summary judgment is granted as to the claims regarding a single cell, bottom bunk pass, special footwear, a cane and a therapeutic mattress.

As the court has granted the defendants' motion for summary judgment on all of the medical claims, there is no basis for a claim against defendant Furey for his handling of the plaintiff's complaints regarding his medical treatment.  The defendants' motion for summary judgment is granted as to the Eighth Amendment claims against defendant Furey as well.

2.    Substantive Due Process

The plaintiff argues that prescribing Elavil without his express consent violates his right to substantive due process.  To establish a substantive due process violation, the plaintiff must identify conduct that may be considered "so brutal and offensive to human dignity as to shock the conscience."  Silvera v.

<u>Department of Corrections</u>, No. 3:09-cv-1398(VLB), 2012 WL 877219, at *15 (D. Conn. Mar. 14, 2012) (internal quotation marks and citations omitted).  In the prison context, the Supreme Court has found only two examples of conduct that sufficiently shock the conscience as to rise to the level of a substantive due process violation, transfer to a mental hospital and the involuntary administration of psychotropic medication.  <u>Sandin v. Conner</u>, 515 U.S. 472, 479 n.4 (1995).

Substantive due process protects an inmate from being forcibly medicated with psychotropic drugs over his objection unless he is mentally ill and the treatment is in the inmate's best interest "given the legitimate needs of his institutional confinement," namely prison safety and security.  <u>Washington v. Harper</u>, 494 U.S. 210, 222 (1990).

Defendant Silvis prescribed Elavil to treat the plaintiff's complaints of chronic pain.  In higher doses, Elavil is used to treat depression.  In low doses, however, Elavil has been found effective for treating chronic pain.  <u>See</u> <u>www.webmd.com/pain-management/tricyclic-antidepressants-for-chronic-pain</u> (last visited May 25, 2012); <u>see also</u> <u>Doe v. Secretary of Dep't of Health and Human Servs.</u>, 95 Fed. Cl. 598, 603 n.9 (2010) (noting that Elavil is an anti-depressant that is commonly used as an analgesic for chronic pain conditions).

Although the plaintiff was prescribed Elavil, he was not forced to take it.  In fact, the plaintiff's medical records indicate that on many days, he did not report to the medical unit to take the Elavil.  <u>See</u> Silvis Aff. Ex. C at 200-49.  When this occurred,  the plaintiff was not forced to take the drug.  Thus, the plaintiff was not

forcibly medicated.

In opposition to the motion for summary judgment, the plaintiff argues that defendant Silvis' failure to explain to him that Elavil was an antidepressant which deprived him of giving informed consent to the treatment thereby violating his Fourteenth Amendment rights.  In his affidavit, the plaintiff characterizes this treatment as experimental.  <u>See</u> Pl.'s Aff., Doc. #149-1, ¶ 30.

The plaintiff's characterization of this treatment is incorrect.  As noted above, Elavil is commonly used to treat chronic pain.  Thus, prescribing Elavil was not an experimental treatment.  In addition, although the plaintiff correctly states that he has a protected liberty interest in possessing sufficient information to make an informed decision whether to refuse medical treatment, his right was not violated in this case.

"To establish a violation of the constitutional right to medical information, a prisoner must satisfy an objective reasonableness standard, must demonstrate that the defendant acted with the requisite state of mind, and must make a showing that the lack of information impaired his right to refuse treatment." <u>Pabon v. Wright</u>, 459 F.3d 241, 250 (2d Cir. 2006).  A prisoner is not entitled to all available information regarding a particular treatment.  He has a right only to "such information as a reasonable patient would deem necessary to make an informed decision" regarding the treatment.  <u>Id.</u>  The doctor is held, at a minimum, to a deliberate indifference standard.  An inadvertent failure to relay medical information is not actionable.  <u>Id.</u> at 250-51.  The deliberate indifference required,

17

however, is different from that applicable in an Eighth Amendment claim regarding medical treatment.  The plaintiff must show that the doctor withheld information with the intent that the prisoner agree to treatment that he otherwise would refuse.  See Alston v. Bendheim, 672 F. Supp. 2d 378, 384-85 (S.D.N.Y. 2009)(citing cases).  Finally, the prisoner must establish that his right to refuse treatment actually was impaired by the lack of information.  See Pabon, 459 F.3d at 251-52.

The plaintiff has presented no evidence suggesting that defendant Silvis intended to induce him to undergo treatment he otherwise would have refused.  See Lara v. Bloomberg, No. 04-CV-8690, 2008 WL 123840, at *5 (S.D.N.Y. Jan. 8, 2008) (holding that inmate failed to satisfy deliberate indifference element of claim of failure to receive medical information because "Plaintiff does not, and indeed Plaintiff cannot, allege that the doctors' purported failure to inform Plaintiff of the side effects of his medication were driven by the doctors' desire to require Plaintiff to accept the treatment offered.").  The record indicates only that defendant Silvis prescribed medications commonly used to treat chronic pain.  Any failure to provide further information constitutes, at most, negligence.

In addition, the plaintiff has presented no evidence, other than an after-the-fact assertion based on an incorrect characterization of the treatment, that he would have rejected the treatment.  He points to a January 2006 entry in his medical records complaining of an irregular heartbeat as evidence that he suffered side effects of the medication.  The plaintiff experienced the symptom while lying down.  The symptom dissipated by the time he reached the medical unit and there

18

is no evidence of the symptom every recurring.  See Pl.'s Mem. Ex. L.  The plaintiff

concedes that he took Elavil from October 2005 through July 2007.  During nearly

two years, he experienced what may have been a side-effect of the medication one

time.  The plaintiff has not made a showing that he would have rejected the

treatment.

The court concludes that the plaintiff's Fourteenth Amendment rights were

not violated.  The defendants' motion for summary judgment is granted as to the

Fourteenth Amendment claims.


### III.  Conclusion

The defendants' motion for summary judgment [Doc. #126] is GRANTED.

Any claims against defendants Silvis and Furey for violating the plaintiff's First or

Fifth Amendment rights or any substantive right created under 42 U.S.C. § 1983 as

well as any ADA claim against defendants Silvis and Furey are DISMISSED

pursuant to 28 U.S.C. § 1915A.  The plaintiff's motion to strike [Doc. #147] is

DENIED.

It is so ordered.


_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 9, 2012.