# EXHIBIT
# A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOE BURGOS VEGA

v.

M. JODI RELL, ET AL.

CIVIL ACTION
NUMBER: 3:09CV737(VLB)

DATE: 06-30-2011

Plaintiff's Second Request For Production of Documents

Pursuant to Rule 34, Fed. R. Civ. P., the Plaintiff Joe Burgos Vega requests that the defendant produce the documents listed within 30 days.

1. Any and all grievances, complaints, inmate requests or other documents received and/or created by prison officials - the defendants - or their agents concerning their refusal to provide Zhabihah/Halal Meat(s) for the Plaintiff's two annual Major Islamic Festivaties - Eid Al Fitr and Eid-ul-Adha - and any memoranda, investigative files, and/or other documents created in regard and response to such complai related to the January 12, 2006 Islamic feas and all those after, to the date of your response.

2. Any and all grievances, complaints, inmate requests, or other documents received and/or created by Prison officials - the defendants - or their agents concerning their refusal to allow the Plaintiff to attend the Eid ul Adha and Eid Al Fitr essential Feast celebration and essential Prayers, and any memoranda, investigative files, and/or other documents created in regard and response to such complaints, related to the October of 2006 Eid al Fitr essential Feast and Prayers and all those after to the date of your response.

3. Any and all grievances, complaints, inmate requests, or other documents received and/or created by Prison officials - the defendants - or their agents concerning their refusal to allow the Plaintiff to participate in the Holiday Food Packages Program - by not making available Halal certified food packages and/or Halal certified Islamic traditional food items during the time(s) all Holiday Food Packages are/were made available to the Connecticut Department of Correction's general population - and any memoranda, investigation files, and/or documents created in regard and response to such complaints from March of 2006 and all those proceeding to the date of your response.

4. Any and all grievances, disciplinary reports, inmate requests, or other documents received and/or created by Prison officials - the defendants - or their agents concerning the April 12, 2006 disciplinary report against the plaintiff by defendant Correctional officer Sharon for having (authorized) use of a spray bottle containing solution to clean-u blood, etc., and/or other documents, investigati reports, witnesses' statements, etc., created in regard and response to such disciplinary report(s) and Line grievance and all those after to the date of your response.

5. Any and all grievances, inmate requests, complaints, statistical reports, deplorable living condition complaints, reports on the spread of contagious deceases within the Connecticut Department of Correction, or other documents received and/or created by Prison officials - the defendants - or their agents concerning the deplorable living conditions and the spread of (but not limited to): HIV, Hepatitis, Methicillin resistant staphylococcus aureus (MRSA), et and all those after April of 2006 to the date of your response.

6. Any and all grievances, disciplinary reports (M-WCI 0609065 and 0609058), inmate request(s), investigation reports, suppliment reports, witnesses' statements, or other documents received and/or created by Prison officials - the defendants - or their agents concerning the attacks on the plaintiff on or around September 10-11, 2006 while at the McDougall Correctional Facility, and/or other documents, etc., created in regard and response to such incident and disciplinary reports and all those after to the date of your response.

7. Any and all documents, reports, statements, entries, and/or documents faxed by the defendant Rene J. Kleda to Defendant Anthony J. Bruno on or around October 17, 2006 regarding the Plaintiff Joe Burgos Vega and all those after to the date of your response.

8. Any and all statements, reports, allegations, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the Plaintiff Joe Burgos Vega and/or the Plaintiff's Islamic beliefs and Practices, etc., and have, and have given to other United States Government Agencies and/or Departments.

9. Any and all reports, investigation reports, confidential informants' statements, and/or all other documents received and created by Prison officials - the defendants - or their agents related to and what lead to the mass placement of Muslim inmates in or at the MacDougall-Walker Correctional Institution's RHU (Administrative Segregation Detention Unit) during the months of October through December of 2006, and any memoranda, investigative files, or other documents created in regard and response to such incident and all those after to the date of your response.

10. Any and all documents, reports, statements correspondence, investigation, etc., related to the denial of the free services offer made by the Hartford Semanary to the defendants or their agents related to servicing free of charge to the Connecticut Department of Correction, in regard to Islamic related services, and all those after to the date of your response.

11. Any and all grievances, complaints, inmate requests, or other documents received and/or created by Prison officials - the defendants - or their

agents concerning bad odor and filth (not properly cleaning) the facilities' Islamic Services prayer rugs for but not limited to Friday Jumuah Prayer Services, Islamic Studies (Taleem), etc., and any memoranda, investigative files, and/or other documents created in regard and response to such complaint(s), related to the complaint addressed to the defendant(s) on or around August 20, 2007 and all those after to the date of your response.

12. Any and all grievances, reports, statements, Correspondence, investigation, etc., inmate request forms, and/or other documents received and/or created by Prison officials- the defendants- or their agents concerning Religious requests to burn insence, sprinkle perfume in their prayer rugs, and/or toward the availability to purchase air-freshner(s), and any memoranda, investigative files, and/or other documents created in regard and response to such Religious requests related to the complaint addressed to the defendant(s) on or around August 20, 2007 and all those after to the date of your response.

13. Any and all reports, recomendations, evaluations, certifications, investigations, Correspondence, and/or other documents received and/or created by Prison officials the defendants - or their agents concerning Connecticut Department of Correction Commissary item(s) #673 and #674 (Jolly Ranchers and Starlite mints), and their advertizement as Halal (Islamically Approv and any grievances, memoranda, investigative files, purchase receipts, contracts, and/or any other documents created in regard and response to such Commissary items related to the complaint addressed to the defendants on or around August 20, 2007 and all those after to the date of your response.

14. Any and all grievances, reports, recomenda-tions, evaluations, certifications, investigation Correspondence, and/or other documents received and/or created by Prison officials the defendants - or their agents concerning the Common Fare Cheese food services were serving known to be not Halal nor Kosher and any memoranda, investigation files, purchase receipts, contracts and/or any other documents created in regard and response to such non Halal nor Kosher Certified cheese related to the complaint

addressed to the defendants on or around September 4, 2007 and all those after to the date of your response.

15. Any and all grievances, reports, recomendations evaluations, investigations, correspondence, Contracts, purchase receipts, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning Connecticut Department of Correction Commissary item(s) #767 and #748 (Strawberry Cookies and Peanut Butter Cookies) and their advertizement as Halal (Islamically Approved) and any memoranda, investigative files, and/or any other documents Created in regard and response to such Commissary Items related to the complaint addressed to the defendants on or around

16. Any and all grievances, reports, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the January 5, 2008 incident where the Plaintiff's mother was Compelled to remove her bra, and any memoranda, policies from then to now, investigative files, and/or any other documents Created in regard and response to such January 5, 2008 incident related to the complaint addressed to the defendants and

all those after to the date of your response

17. Any and all grievances, reports, inmate request Forms, mail room loggs and entries and/or recordings, recomendations, evaluation investigations, Correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents, namely but not limited to: Captain Beaudry - Grievance Coordinator Vadnais - Correctional Officer Arzt, concerning the Plaintiff's approved boots and any memoranda, investigation Files, receipts, and/or any other documents created in regard and response to such boots related to the complaint addressed to the defendants ongoing prior to January 10, 2008 and all those after to the date of your response.

18. Any and all grievances disciplinary reports (M-WCI 0804089), inmate request(s), investigation reports, supplimental reports, evidence policies on reviewing outgoing mail and its attachments) Form(s), disciplinary proceedi documents, reports, statements, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the disciplinary report # M-WCI 0804089 created and/or received in regard and response to such disciplinary report and all those documents after to the date of your

19. Any and all grievances, reports, inmate requests, recomendations, evaluations, investigations, Correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents Concerning the Plaintiff's request to purchase a "PenMan Digital Quran" and Line grievance IGP No. 137-08-282, and any memoranda investigative files, and/or any other documents created in regard and response to the Complaint addressed to the defendants on or around April 17, 2008 and all those after to the date of your response.

20. Any and all grievances, reports, inmate requests, recomendations, evaluations, investigations, correspondence and/or other documents received and/or created by Prison Officials - the defendants - or their agents concerning Line Grievance No. 137-08-315 due to the denial of weekly essential Friday Jumuah Congregational Services for the McDougall-Walker C I's Q-pod and other extension units, and any memoranda, investigative Files, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around May 23, 2008 and all those after to the date of your response.

21. Any and all grievances, reports, informati recomendations, evaluations, investigations, Correspondence, and/or other documents received and/or Created by Prison Officials - the defendants - or their agents Concernin July 16, 2008 interview with Captain Beaudry and that lead to multiple cell searches - inspection of plaintiff's Religio texts and legal documents, sorrounding an alleged letter mailed to the Commission office in which the author allegedly demanded a black Islamic chaplain and allegedly made complaints about Iman Ali Avci, For which the Plaintiff (and many other Muslims) was transfered out of McDougall-Walker Correctional Facility, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around May 29, 2008 and all those after to the date of your response.

22. Any and all grievances, reports, Informatio recomendations, evaluations, investigations, Correspondence, pictures, and/or other documents received and/or created by prison officials - the defendants - or their agents concerning the Plaintiff's Religious Item, i.e. one silver male Islamic Ring, in regard to the complaint addressed to the defendants on or around December 19, 2006, and all those after to the date of your response.

23. Any and all grievances (IGP No. 136-08-167), reports, inmate Requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the July 16, 2008 transfer of the Plaintiff out of McDougall-Walker C.I and admitted at the Garner correctional Institution, and Placed on a Religious separation profile to have no contact with inmate Norman Gaines, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around August 21, 2008, and all those after to the date of your response.

24. Any and all grievances (IGP No. 136-08-175), reports, inmate Requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by Prison officials - the defendants - or their agents concerning the discontinued use of 'teal Blue' trays for the servings of CommonFare meals and the cross contamination between regular menu and the Common Fare, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around August 21, 2008, and all those after to the date of your response.

25. Any and all grievances (IGP No. [illegible]) reports, inmate requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by prison officials - the defendants - or their agents concerning non-Halal - Haram ingredients in the common-Fare diets/serving and/or any other documents - including labels and ingredients of all common Fare foods - created in regard and response to the complaint addressed to the defendants on or around November 14, 2008, and all those after to the date of your response.

26. Any and all grievances (IGP No. 136-09-P0030 and 136-08-P0035), reports, inmate requests, recomendations, evaluations, investigations, correspondence, and/or other documents received and/or created by prison officials - the defendants - or their agents concerning damages to the Plaintiff's Boombox Radio, and/or any other documents created in regard and response to the complaint addressed to the defendants on or around November 17, 2008 and December 17, 2008, and all those after to the date of your response.

27. Any and all policies, directives, menus, and/or instructions to staff concerning food services throughout the Connecticut Department of Correction on or around March of 2006 and all those after to the date of your response.

28. Any and all policies, directives, and/or instructions to all medical staff governing sick-call procedures on or around March of 2006 and all those after to the date of your response.

29. Any and all of the Plaintiff's sick call requests from on or around March of 2006 and all those after to the date of your response.

30. The Plaintiff's - Joe Burgos Vega - complete Medical records from on or around March of 2006 to the date of your response.

31. Any logs, lists, and other documentation reflecting all grievances and Medical Line grievances filed by McDougall-Walker Correctional Institution's inmates from on or around March of 2006 to the date of your response.

32. Any logs, lists, and other documentation reflecting all grievances and Medical Line grievances filed by Garner Correctional Institution's inmates from on or around March of 2006 to the date of your response.

33. Any logs, lists, and other documentation reflecting all grievances and Medical Line grievances filed by Cheshire Correctional Institution's inmates from on or around March of 2006 to the date of your response.

34. Any and all documents created by any McDougall-Walker Correctional Institution Garner Correctional Institution, and/or Cheshire Correctional Institution staff member or any other Connecticut Department of Correction employee or official in response to grievances and Medical Line grievances filed by the Plaintiff from

March of 2006 to the date of your response concerning the Plaintiff and/or the Plaintiff's medical care and/or treatment, etc., including appeals and/or all those documents after Administrative remedies were exhausted from March of 2006 to the date of your response.

35. Any and all documents created by any Connecticut Department of Correction staff member and/or any of their agents acting in conjunction with them (UConn Employees - students - etc.) from March of 2006 to the date of your response concerning the Plaintiff's Medical care and not included in paragraphs 28, 29, 30, 31, 32, 33, and 34 of this request.

36. Connecticut Department of Correction Administrative Directive (s): 9.5, 6.10, 10.8, 10.7 .

37. Line Grievances: (But not limited to) M-WCI 137-07-125
137-07-147, 137-07-180, 137-07-027, 137-08-052,
137-08-043, 137-08-049, 137-08-156, 137-08-219,
137-08-208, 137-08-218, 137-08-282, 137-08-315,
GCI 136-08-169, 136-08-175, 136-08-199, etc.

38. Medical Line Grievances: (But not limited to)
M-137-07-114, M-137-29-278, M-136-T#11,
etc.

Date: 06-30-2011

The Plaintiff Pro se,
Joe Burgos Vega
Joe Burgos Vega, I.D. #130135
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410