**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JOE BURGOS VEGA** | : | **CIVIL NO. 3:09CV00737 (VLB)** |
| **v.** | : | |
| **M. JODI RELL, ET AL.** | : | **APRIL 29, 2013** |

**DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM OFFERING DEPOSITION TRANSCRIPTS**

**Defendants object to plaintiff's offer of any depositions in this case. In fact, there were no depositions of any defendant or any witness taken in this case. Instead, plaintiff is attempting to offer depositions which were taken in his prior pending case, Vega v. Lantz, 3:04-CV-1215(DFM), and is trying to use those depositions in this case against different defendants, who have different interests, regarding different issues.[1] There is no authority for the use of depositions in this way against different defendants, who had no notice of, nor opportunity to appear and defend against the depositions taken in the prior pending matter. See Plaintiff's Exhibit List, (Doc. #182 at pp.20-22); see also Defendants' Objections to Plaintiff's Exhibits, Doc. #173-14, at pp. 33-36, objections to plaintiff's proposed Exhibits 91 A-G, inclusive, Exhibits, 92 A-G, inclusive. Defendants have timely objected to these depositions in their Joint**

---

**[1] Magistrate Judge Martinez conducted a bench trial in Vega v. Lantz, 3:04-CV-1215(DFM) on April 23, 24, and 25, 2013, and the matter is awaiting transcripts and post-trial briefing as to the three remaining issues in that case.**

Trial Memorandum, Doc. #173-14, filed 11/09/12, as had been ordered by the Court.

For the additional reasons discussed below, and in accordance with this Court's Order, (Doc. #214), the defendants submit this memorandum of law in support of their objections.[2]

## FACTS

As stated above, no depositions were taken by the plaintiff of any defendant or of any witness in this case. None of the defendants in this case (other than the Rev, Anthony J. Bruno, Director of Religious Services) were defendants in the trial of the prior pending matter. The defendants timely filed objections to the use of these deposition transcripts stating:

> OBJECTION: Defendants object overall to Exhibits 91 (A)–(G) because they are hearsay, irrelevant, overly broad, contain vast amounts of information unrelated to the present case, and do not meet the standard set forth in Federal Rule of Civil Procedure 32. Furthermore, as to Exhibits (B)-(G), depositions of non-parties are admissible only if Plaintiff can show that they are unavailable. Rule 32.

This objection was also asserted as to Exhibits 92 (A) through (G). Plaintiff has not designated any specific portion of any deposition transcript, but instead intends to bury the jury in this case with more than <u>two thousand pages of transcripts</u>. No reasonable jury should be expected to have to read through such

---

[2] As the Court may recall, plaintiff refused to sign a proposed Joint Trial Memorandum and walked out of the professional visiting room. He filed his own separate memorandum and submissions a month after the deadline.

a ridiculous volume of paper to try to discover a needle in a haystack for what might be one or two lines of arguably relevant evidence.

Plaintiff asserts that he wishes to introduce his own deposition transcript (plaintiff clearly will be available), as well as the depositions taken in Vega v. Lantz, 3:04-CV-1215(DFM) of former inmate Michael Constantopoulos, Bilal Ansari, Sufu Hashim, Jawad Ashraf, Abdullah Antepli, and Glenn Sullivan. Glenn Sullivan is available and is within 100 miles of the Courthouse in Hartford.[3] Plaintiff also intends to introduce portions of a deposition transcript from a former volunteer Islamic chaplain, Imam Abdullah Antepli. Mr. Antepli is now working as a Muslim Chaplain at Duke University in Durham, North Carolina, and is therefore unavailable. Thus, plaintiff wishes to offer his deposition transcript, or certain portions thereof, as Mr. Antepli's trial testimony.[4]

The defendants respectfully object to the offer of any and all such testimony. Mr. Antepli would not be able to testify if he were present and testifying live, as he lacks personal knowledge of the plaintiff's complaints at MacDougall CI. He has never visited MacDougall CI, and would base his testimony on his extremely limited experience of being a volunteer in 2006 on a mere four occasions at the Bergin Correctional Institution, a correctional facility which never housed the plaintiff and which has since been closed. Mr. Antepli

---

[3] This fact was represented to Magistrate Judge Martinez in Mr. Vega's 3:04-CV-1215(DFM) case by plaintiff's counsel, Attorney Charles Ray.

[4] Although certain excerpts, by stipulation, were admitted in Vega v. Lantz, none of Mr. Antepli's testimony is relevant to the issues in this case.

has never even met the plaintiff. The defendants respectfully submit that merely being a volunteer on four occasions, and speaking of his personal knowledge of his experience as a volunteer at Bergin in 2006, has no relevance or bearing on the present case. The proffered testimony of Mr. Antepli, is wholly irrelevant, as well as being proffered by a witness who is not competent as he lacks personal knowledge of the facts.

The same applies to most all of plaintiff's proffered witnesses for whom plaintiff wishes to offer deposition transcripts. None of them, Michael Constantopoulos, Bilal Ansari, Sufu Hashim, Jawad Ashraf, Abdullah Antepli, and Glenn Sullivan, were deposed with regard to the specific issues at MacDougall that plaintiff raises in this case. Similarly, plaintiff's proffer of depositions from Anthony Bruno, Imam Abdul Hasan, Rene Keida, Robert Frank, Robert DeVeau, Brian Murphy, and Theresa Lantz, in Vega v. Lantz, 3:04-CV1215(DFM), while arguably might contain some scant material that might be relevant, the deposition transcripts are offered in their entirety. Plaintiff's offer would again force the jury to read many, many hundreds of pages to search for something that might be relevant to this case. Many of the issues in the prior case were completely adjudicated on a summary judgment motion and therefore cannot be relitigated here. A number of the issues he raises here were dismissed by this Court previously. Thus, the testimony in the deposition transcripts is irrelevant to this case. Some of the witnesses listed (e.g. Rev. Anthony J. Bruno, Imam Hasan and

**Deacon Keida) are the same witnesses from the prior pending matter, but are also available for this case and they can testify in person.**

## **I. <u>RULE 32 FRCP REQUIRES THE DEPOSITION TESTIMONY BE ADMISSIBLE</u>**

**The depositions were taken in a different case with different defendants who were not represented and who had no notice of the depositions. Indeed, the depositions were taken in 2007 and this case was not even commenced until May 4, 2009. Depositions may be used against <u>a party</u> under certain circumstances set forth in Rule 32 Fed. R. Civ. P. The requirements of Rule 32 are not met here.**

**Rule 32 Fed. R. Civ. P. provides in part:**

> **(a) Using Depositions.**
> **(1) *In General.* At a hearing or trial, all or part of a deposition <u>may be used against a party</u> on these conditions:**
> **(A) the party was present or represented at the taking of the deposition or <u>had reasonable notice of it</u>;**
> **(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; …**
>
> **Fed. R. Civ. P. 32 ( emphasis added)**

### **A. <u>The Defendants In This Case Had No Notice Of The Prior Depositions</u>**

**The Federal Rules require reasonable written notice to opposing counsel before the taking of an oral deposition. Fed.R.Civ.P. 30(b)(1). <u>F.A.A. v. Landy</u>, 705 F.2d 624, 634 (2d Cir. 1983). Here, the depositions were taken before the named defendants in this case were even served with a copy of the complaint. Indeed, the complaint in this case was filed after the depositions were taken. Thus, use of these depositions violates both Rule 30 and Rule 32 Fed. R. Civ. P.**

**and also violates fundamental notions of fairness and the due process right of the defendants to defend themselves at the deposition.**

**B. The Plaintiff and Defendants Bruno and Keida, and Imam Hasan Are Available**

> **As Judge Learned Hand stated, "(t)he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939); see Arnstein v. Porter, 154 F.2d 464, 470 (2d Cir. 1946). This policy is embodied in Rule 32(a)(3)(E), which refers to the "due regard" to be given "to the importance of presenting the testimony of witnesses orally in open court ...."**

**United States v. Int'l Bus. Machines Corp., 90 F.R.D. 377, 381 (S.D.N.Y. 1981). Since plaintiff is present, as are Father Bruno and Deacon Keida, there is absolutely no need for their deposition testimony that was offered in a different, prior pending case. The provisions of Rule 32 do not allow for such deposition testimony.**

**C. The Witnesses Do Not Have Personal Knowledge of the Issues in this Case**

**There is a body of case law which allows the use of depositions as affidavits in motion practice. One treatise has commented:**

> **[D]epositions can be used more freely on motions than the rule [32(a) ] would seem to indicate. A deposition is at least as good as an affidavit and should be useable whenever an affidavit would be permissible, even though the conditions of the rule on use of a deposition at trial are not satisfied.**

**Wright & Miller, Federal Practice and Procedure § 2142 at 452 (1970). A number of federal courts have followed this lead. In Hoover v. Switlik Parachute Company, 663 F.2d 964, 966–67 (9th Cir.1981), the Ninth Circuit Court of Appeals considered**

**as affidavits in support of a motion for summary judgment various depositions notwithstanding that the party against whom they were to be used had been joined after the depositions were taken. Noting that the depositions were not usable as such, the circuit court *upheld their admission as affidavits because they were made on personal knowledge and set forth admissible facts* and because "we find nothing which requires that term [affidavit] to be construed within the limitation of Rule 32(a)." Id. at 966. In re Robert Landau Associates, Inc., 56 B.R. 648, 651 (Bankr. S.D.N.Y. 1986). (emphasis added). Here, the witnesses lack personal knowledge of the facts of this case and the depositions do not offer admissible facts.**

**It has always been the case that both affidavits in support of summary judgment and also deposition transcripts offered in support of summary judgment, to the extent they are "at least as good as an affidavit" must be based on personal knowledge. Federal Rule of Civil Procedure 56(e) requires that, in a summary judgment motion, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Therefore, "[a] court may 'strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." Rockport Co. v. Deer Stags, Inc., 65 F.Supp.2d 189, 191 (S.D.N.Y.1999) (quoting Hollander v. Am. Cyanamid Co., 172 F.3d 192, 198 (2d Cir.1999)); see also Patterson v. County**

of Oneida, 375 F.3d 206, 219 (2d Cir.2004) (holding that inadmissible statements in affidavits submitted in support of a summary judgment motion are incapable of raising material issues of fact). Century Pac., Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 213-14 (S.D.N.Y. 2007) aff'd, 354 F. App'x 496 (2d Cir. 2009).

> Rule 32(a) permits deposition testimony to be used "so far as admissible under the rules of evidence applied as though the witness were then present and testifying." By its terms, the rule draws no distinction between depositions taken for purposes of discovery and those taken for use at trial. *See United States v. International Business Machines Corp.,* 90 F.R.D. 377, 381 (S.D.N.Y.1981) (quoted in *Tatman v. Collins,* 938 F.2d 509, 511 (4th Cir.1991)).

Manley v. AmBase Corp., 337 F.3d 237, 247 (2d Cir. 2003). The deposition transcripts are not admissible.

1. Undue Burden, Confusion, and Waste of Time

The plaintiff has proffered, and presumably proposes to read into evidence more than two thousand pages of deposition questions and answers, so each question and answer can be subjected to an individual objection, as to which the Court would have to rule. This lengthy and endless stream of excerpts from fourteen transcripts from a prior case is inadmissible and an undue burden and waste of time. "The trial judge must weigh the probative value of the evidence against its tendency to create unfair prejudice and his determination will rarely be disturbed on appeal." United States v. Ravich, 421 F.2d 1196, 1203-04 (2d Cir. 1970).

> As a general rule, irrelevant evidence is inadmissible, Fed. R. Evid. 402, and relevant evidence, although admissible, may be excluded by the district court "if its probative value is substantially outweighed

> by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," Fed. R. Evid. 403. "A district court is obviously in the best position to do the balancing mandated by Rule 403" and "[w]e will second-guess a district court only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally." *United States v. Salameh,* 152 F.3d 88, 110 (2d Cir.1998), *cert. denied,* 526 U.S. 1028, 119 S.Ct. 1273, 1274, 143 L.Ed.2d 368 (1999)(internal quotation marks omitted).

United States v. Shvartsman, 317 F. App'x 68, 70 (2d Cir. 2009). The Court should exercise its discretion to eliminate delay, avoid waste of time, and prevent needless, irrelevant evidence.

2. Lack of Personal Knowledge

While it would be impossible in this short memorandum to discuss the lack of Mr. Antepli's personal knowledge about the Department of Correction, it can be said with certainty that he has only been in the Bergin Correctional Institution on four occasions. Antepli depo. At 19, line 6. In addition, he visited Osborn CI on one occasion as part of Mr. Antepli's clinical program at the Hartford Seminary, p. 19, lines 10, 12. At pages 91-92 of Mr. Antepli's deposition, plaintiff wishes to introduce double hearsay, concerning a newspaper article published concerning alleged discrimination made by a former DOC Islamic chaplain. This is clearly inadmissible and would not be admissible at trial even if Mr. Antepli were present and testifying.

According to Mr. Antepli's deposition he went to Bergin CI for one Friday Jumah and one Sunday Taleem (study class) in late 2006 or early 2007. Antepli depo. P. 24 lines 17-24. Plaintiff was never housed at Bergin CI. Similarly, there

**is no evidence that Jawad Ashraf, Sufu Hashim, or Bilal Ansari have any personal knowledge or worked at MacDougall CI at the time of the events in the complaint in this case.**

**Not only does this proposed deposition testimony lack personal knowledge, but also, it contains impermissible and inadmissible opinion testimony. Similarly, the other proposed deposition transcripts do not deal with any matter within the personal knowledge of the deponents, who were not deposed in this case, nor made aware of the allegations in this case.**

**D. The Parties and Interests in the Two Cases Are Different**

> **Rule 32(a)(8) provides that a deposition "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." The purpose of the rule is to "avoid a needless waste of time, money and effort and to expedite the litigation."** ***Baldin–Montrose Chem. Co. v. Rothberg,*** **37 F.R.D. 354, 356 (S.D.N.Y.1964).**

**S.W. v. City of New York, CV 2009-1777 ENV MDG, 2010 WL 4791712 (E.D.N.Y. Nov. 18, 2010) aff'd, 09-CV-1777 ENV MDG, 2012 WL 1100906 (E.D.N.Y. Apr. 2, 2012). Here, in the Vega v. Lantz action, the defendants were Rev. Anthony J. Bruno and Theresa Lantz's successor in office, the present Interim Commissioner of Correction, James E.Dzurenda. As noted above, Warden Peter Murphy, Captain Beaudry, Lt. Johnson, Correction Officers Sanchez, Madison, Allen, Sharon, Lt. Arzt, were not on notice of the prior action, and their interests as well as the subject matter, is different. The trial in the first case involved Jumah, religious oils and circumcision, and sought injunctive relief. Here, the issues**

**involve individual disciplinary reports, plaintiff's misconduct, the due process hearings he received, and other miscellaneous issues, such as selling certain music CD's in the commissary. Since the issues and interests are different, Rule 32(a) (8) does not allow for use of the prior depositions in this case, where, as here, these new defendants had no Notice, and questions concerning these various issues were not even on the radar at the depositions in the Vega v. Lantz, 3:04-CV1215(DFM) case.**

## CONCLUSION

**The motion to preclude plaintiff from offering deposition transcripts should be granted. The objections to the proposed deposition transcripts should be sustained.**

**DEFENDANTS**
**M. Jodi Rell, Et Al.**

**GEORGE JEPSEN**
**ATTORNEY GENERAL**

**BY:_/s/______________________________**
**Steven R. Strom**
**Assistant Attorney General**
**110 Sherman Street**
**Hartford, CT 06105**
**Federal Bar #ct01211**
**E-mail: steven.strom@ct.gov**
**Tel.: 860-808-5450**
**Fax: 860-808-5591**

**CERTIFICATION**

**I hereby certify that a copy of the foregoing motion to preclude was mailed this 29th day of April, 2013, to:**

**Joe Burgos Vega, Inmate #130135**
**Cheshire Correctional Institution**
**900 Highland Avenue**
**Cheshire, CT 06410**

**/s/**
**Steven R. Strom**
**Assistant Attorney General**