UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2013 JUN -3 P 5:03
US DISTRICT COURT
HARTFORD CT

JOE BURGOS VEGA | DOCKET NO. 3:09CV737 (VLB)

V. | PRO-SE FILING

M. JODI RELL, ET AL. | May 30, 2013.

PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER, AND MEMORANDUM OF LAW.

The Plaintiff ("Mr. Vega") respectfully moves this Honorable Court For Relief From Judgment or Order where the Court dismissed the Plaintiff's RLUIPA 42 U.S.C. § 2000 cc - et seq., Claims relevant to defendants' policy change denying/ending donations of essential Halal certified meats for Islamic Eid-Al-Fitr and Eid-ul-Adha Feasts, pursuant to Rule 60(b)(4) through 60(b)(6) Fed. R. Civ. P.

On September 28, 2010 the defendants argued before this Court (VLB) in their Motion To Dismiss and accompanying Memorandum of Law that 'all claims' related to Halal Meats were litigated in the Plaintiff's prior pending action, i.e., Vega v. Lantz, et al. 3:04CV1215 (DFM);

and were decided adversely to the Plaintiff in the prior ruling on the defendants' Motion For Summary Judgment in that case. See Defendants' Memorandum In Support of Motion To Dismiss at page 13. Defendants' allegation was not totally accurate because their ban on donations of Halal certified meats for Islamic Feasts was not related to the prior pending action's claims. See: attached Exhibit-A.

After the defendants' policy banning donated Halal Certified meats for the Islamic Feasts, which the Plaintiff participated in, the Plaintiff addressed the Honorable Donna F. Martinez ("DFM"). Ultimately, the Honorable Donna F. Martinez ("the Court") made it clear in its ruling "...The Court concludes that this policy is not related to the claims in the amended complaint. The first motion for preliminary injunctive relief is denied. The plaintiff may pursue this claim in a seperate action." See attached Exhibit-A.

Halal (certified) meat(s) for the Islamic Feasts, i.e., Eid-Al-Fitr and Eid-Ul-Adha, are essential. A prisoner has a right to a diet consistent with his or her religious scruples. Ford v. McGinnis, 352 F. 3d 582, 597 (2d Cir. 2003).

The Plaintiff's claims related to the defendants' policy ban on donated Halal Certified meats for the Plaintiff's Islamic Eid-Al-Fitr and Eid-ul-Adha under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. § 2000cc-et seq. has a four (4) year limitation period. See Congregation Adas Yeremin v. City of N.Y., 673 F. Supp. 2d 94, 107 (E.D.N.Y. 2009)(citing 28 U.S.C. § 1658 (a)).

The Plaintiff couldn't effectively defend and/or object against the defendants' claim and allegations in their September 28, 2010 Motion To Dismiss without attached exhibit-A because the Plaintiff's legal documents were witheld from the pro-se incarcerated Plaintiff upon transfer to Cheshire Correctional Institution for over two (2) years. The Plaintiff addressed this burden to this Honorable Court during the 12-20-2012 vedeo status conference, and defendants confirmed it.

For the foregoing reasons Plaintiff's claims relevant to defendants' policy change denying/ending donations of essential Halal Certified meats for the Plaintiff's (and other Muslims') Islamic Eid-Al-Fitr and Eid-ul-Adha Feasts should be relieved from Judgment And/or use the Power of the Court to entertain an independent action to relieve the Plaintiff from a judgment and order.

May 30, 2013.

The Plaintiff Pro-se',

Joe Burgos Vega

Joe Burgos Vega, I.D. #130135
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

CERTIFICATION

This is to certify under penalty of perjury that a copy of the foregoing 'plaintiff's Motion For Relief From Judgment or Order, And Memorandum of Law' was mailed to the defendants on this 30 day of May, 2013; at: M. Jodi Rell, et al., c/o A.A.G. Steven R. Strom 110 Sherman Street, Hartford, Connecticut 06105.

The Plaintiff Pro-se',

May 30, 2013.

Joe Burgos Vega

Joe Burgos Vega, I.D. #130135
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

# Exhibit

# A

pleadings, that his claims are against only the "head supervisory officials." (Pl.'s Mem. Opp'n Mot. J. Pleadings, Doc. #74 at 1.)

In his first motion, the plaintiff seeks an order permitting inmates to receive donated Halal meats for Islamic feasts. The request concerns a policy change effective January 1, 2006, nearly three months after he filed the amended complaint. There is no reference in the amended complaint to the donation of Halal meats for Islamic feasts. If the plaintiff were to prevail in this action, the prohibition against donated foods would not change. Contrary to the plaintiff's assertion, any new allegation relating to his religion is not automatically encompassed in this action. If the plaintiff's assertion were true, the issues in this case would constantly change and the defendants would be unable to respond to the claims. The court concludes that this policy is not related to the claims in the amended complaint. The first motion for preliminary injunctive relief is denied. The plaintiff may pursue this claim in a separate action.

The second motion seeks an order preventing retaliatory actions. In the motion, the plaintiff recites various incidents, such as confiscation of his Islamic ring, occurring within a six-week time period. The defendants argue that the incidents do not rise to the level of cognizable constitutional violations. In response, the plaintiff states that he does seek the return of