UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BURGOS VEGA, | : | |
| Plaintiff, | : | CASE NO. 3:09-cv-737 (VLB) |
| | : | |
| v. | : | |
| | : | |
| M. JODI RELL, et al., | : | December 3, 2013 |
| Defendants. | : | |

**RULING DENYING [Doc. #220] DEFENDANT'S MOTION FOR RECONSIDERATION**

By motion dated May 7, 2013 pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7(c), the defendants move for reconsideration of the court's May 1, 2013 order denying their Motion in Limine to Admit Plaintiff's Criminal Conviction. [Dkt. 219]. The movant submits that the court's ruling is contrary to Federal Rule of Evidence 609 and case law and that they should be permitted to introduce "essential facts" of the plaintiff's two prior felony convictions solely for the purpose of impeaching his credibility.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to re-litigate an issue the court already has decided. *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 188 (2d Cir. 2007).

Here, the defendants' motion asserts that the court erred because it did not rule on a basis of law to which the Defendants did not cite in the first instance.

1

Specifically, the defendants contend that the court should reconsider the matter and allow the defendants to offer the evidence based on the previously uncited Federal Rule of Evidence 609.  Defendants seek to re-litigate a matter previously raised and on which the court has already ruled.  Defendants cite to no intervening law or cited law or facts which the court overlooked.  The defendants are not entitled to reconsideration.

Notwithstanding that the defendants are not entitled to reconsideration, the court addresses the merits of their argument.  Defendants argue *for the first time* that any offense is admissible in a civil case if the plaintiff is serving a sentence for that offense at the time of the trial.  While the defendants contend that the plain language of Rule 609 makes the conviction admissible, the court's reading of the Rule does not support that interpretation.

Defendants also argue that the convictions are admissible because this is a civil case and these offenses are felonies.  Federal Rule of Evidence 609(a) establishes two thresholds which must be met before a prior felony conviction may be admitted in evidence in a civil case:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant.

Fed. R. Evid. 609(a)(1)(A).  First, the conviction must be for a felony.  Second, the probative value must outweigh the prejudicial effect, subject to the Rule 403

balancing test. Thus the mere fact that the conviction was a felony is not ineluctably determinate of its admissibility.

>Federal Rule of Evidence 403 provides:
>
>The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Thus, the Court's threshold inquiry is whether the evidence is relevant. Defendants seek to introduce the Plaintiff's convictions for drug, assault and sexual assault offenses for impeachment purposes. As the plaintiff was convicted of drug and assault offenses, rather than fraud, larceny, embezzlement, obstruction, perjury or other like offenses involving dishonesty or untruthfulness, and further as defendants have not cited to any facts surrounding plaintiff's commission of the offenses thereby enabling the court to determine whether they were committed under circumstances tending to bear on the plaintiff's propensity for dishonesty, the defendants have failed to make a threshold showing of relevancy.

>The Notes of Advisory Committee on Proposed Rules of Evidence provide that even where the evidence is relevant, which Defendants here have not established, "'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Public sentiment toward drug and sex offenders is among the most vehemently negative. In view of the absence of any showing of relevance, this evidence can only be expected to create a serious risk that a jury would be

3

unfairly prejudiced against the plaintiff and reach a decision on an improper basis.

The court finds the cases cited by the defendants distinguishable from the present matter. In *James v. Tilghman*, 194 F.R.D. 402, 405 (D. Conn. 1999), the court determined that the defendant's convictions were fundamental to the prisoner's claim against his housing designation as they were relevant to the Department of Correction's housing determination. Reliance upon *Morello v. James*, 797 F. Supp. 223, 228 (W.D.N.Y. 1992) is misplaced. In that case, the court found that a conviction for rape and abuse of the plaintiff's children relevant to his credibility. Although that court did not divulge the details of the defendants underlying conviction, the brief discussion indicates that the defendant's conviction was for an ongoing practice of moral depravity and that he had an incentive to disclose falsehoods.

In sum, defendants have failed twice to establish that either of the convictions they seek to admit is less prejudicial than probative, nor have they persuaded the court that their prejudicial effect cannot be minimized. The Defendants' Motion for Reconsideration [Doc. #220] is DENIED.

                                       IT IS SO ORDERED.

                                       _____/s/_____
                                       Vanessa L. Bryant
                                       United States District Judge

Dated at Hartford, Connecticut: December 3, 2013.